48395. WESTINGHOUSE CREDIT CORPORATION v. CHAPMAN.

QUILLIAN, Judge. Westinghouse Credit Corporation filed this action against Clabe Chapman seeking a money judgment for the balance owing on a security agreement (purchase money contract) originally executed by the defendant to Tidewater Equipment Company, Inc. on August 14, 1969. This agreement was assigned to the plaintiff on the same date. The complaint alleges that the equipment was repossessed by the plaintiff because of default and sold pursuant to the laws of Georgia, after notice to the defendant; that a deficiency resulted therefrom after the sale for which amount the complaint prayed judgment. The defendant's answer denied that he was indebted and by amendment set up that there had been a failure of consideration and an unfitness of the equipment for use as intended, and prayed judgment against the plaintiff for recovery of payments already made on the contract.

The case came on for trial before a jury which returned the

following verdict: "We the jury find in favor of the defendant and recommend that the three monthly payments be refunded to the defendant." The trial judge entered judgment in favor of the defendant which recites: "The recommendation that defendant recover the three monthly payments set out in the verdict is stricken from the judgment by agreement of counsel for the plaintiff and defendant." At the close of the evidence, the plaintiff had made a motion for directed verdict in its favor which was denied by the trial judge. Thereafter, the plaintiff filed a motion for judgment notwithstanding the verdict. The trial judge overruled this motion and appeal was taken to this court. *Held:*

The instrument sued upon contained the following pertinent provisions: "17. *Disclaimer of Warranties. There are no warranties, express or implied, of merchantability, fitness for a particular purpose or otherwise unless they appear in writing signed by seller.* 18. *Waiver of Defenses.* This Security Agreement may be assigned to *Westinghouse Credit Corporation* (also called *Westinghouse);* and, if so assigned, *Westinghouse* shall not be chargeable with any of Seller's obligations or liabilities even though *Westinghouse* shall be entitled to exercise all of Seller's rights and remedies. *Buyer will not assert against Westinghouse any defense, set-off, recoupment or counterclaim which it may have against seller. If suit be brought by or against buyer, buyer stipulates to a non-jury trial where not prohibited by law."*

The plaintiff contends that a directed verdict in his favor was demanded since the quoted provisions prevented the defendant from raising the defenses posed by the answer. The defendant contends that the clauses in question are unconscionable within the meaning of the Georgia Uniform Commercial Code (Code Ann. § 109A-2—302; Ga. L. 1962, pp. 156, 183).

In *Avery v. Aladdin Products Div., Nat. Service Industries,* 128 Ga. App. 266 (196 SE2d 357), this court held that a provision such as paragraph 17 was not unconscionable since it is a provision which the law itself specifically permits. Here, any consideration as to the fairness of provision 18 is precluded by another provision of the Uniform Commercial Code which reads: "Subject to any statute or decision which establishes a different rule for buyers of consumer goods, an agreement by a buyer that he will not assert against an assignee any claim or defense which he may have against the seller is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, except as to defenses of a type which may be

asserted against a holder in due course of a negotiable instrument under the Article on Commercial Paper (Article 3). A buyer who as part of one transaction signs both a negotiable instrument and a security agreement makes such an agreement." Code Ann. § 109A-9—206 (1) (Ga. L. 1962, pp. 156, 393). Research has revealed no Georgia statute or decision which establishes a different rule in a situation of this sort. Hence, the plain provisions of the Code section must be followed.

Under the Code section, the agreement of provision 18 is enforceable by the assignee if he took his assignment for value, in good faith and without notice of the claim or defense against it, unless the defense sought to be raised would be good against a holder in due course of a negotiable instrument under Code Ann. § 109A-3—305 (Ga. L. 1962, pp. 156, 255). Here, the evidence offered established without contradiction that Westinghouse paid Tidewater full value for the note; that at the time of the assignment Westinghouse had no knowledge that the equipment was claimed to be defective; that Westinghouse first learned of the defendant's claim that the equipment was not functioning in early November of 1969, while payment for the assignment had been made on September 10, 1969. It was further brought out that none of the employees or officers of Tidewater were officers or employees of Westinghouse and that the two were separate and distinct companies. Here, further, the defenses raised were not such as would be good against a holder in due course.

Since the plaintiff established as a matter of law that it came within the provisions of Code Ann. § 109A-9—206, the defenses offered by the defendant would not serve to defeat the plaintiff's claim. Hence, the trial judge erred in denying plaintiff's motion for directed verdict and motion for judgment notwithstanding the verdict.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

SUBMITTED JULY 3, 1973 — DECIDED OCTOBER 5, 1973.

*Griffis & Thomas, Virgil D. Griffis,* for appellant.
*Fred L. Belcher,* for appellee.