54824. JOHNSON v. CITIZENS & SOUTHERN BANK et al.

BIRDSONG, Judge.
Appellant Johnson brings this appeal from the grant of summary judgment in favor of the Citizens & Southern

Bank. The case arose out of a promissory note given by Johnson and the other original defendant, Delk, to one Peek in the amount of $50,000. Peek, during other financial transactions with C & S Bank, transferred the Johnson-Delk note to the bank as collateral or security for an unrelated $20,000 note between Peek and the bank. The bank advanced the $20,000 to Peek. Subsequently, the $50,000 note came into default and C & S made demand upon Delk and Johnson. Delk entered into a consent judgment and is not a party to this appeal. Johnson admitted signing the note but contended that the note was procured by fraud and was without consideration and offered evidence to that effect by way of affidavit. C & S contended that it was a holder in due course and that those defenses were not available as against a holder in due course if the holder took the note in good faith without notice of defects. Johnson contends in effect that because C & S paid only $20,000 for a $50,000 note and still demanded repayment of the full $20,000 from Peek, such evidence demands a conclusion that C & S was aware of the defects in the consideration offered by Peek and for that reason cannot be a holder in due course. C & S, on the other hand, offered appropriate evidence tending to show that the note was discounted or transferred to it by Peek at least one month before any complaint was made by Johnson as to an alleged lack of consideration passing between Peek and Johnson-Delk. In his brief, Johnson concedes that the sole issue is whether C & S is a holder in due course. He maintains that there were questions of fact as to that issue and therefore the trial court erred in granting summary judgment for the bank. *Held:*

In substance, Johnson asserts that the gross lack of consideration paid by C & S to Peek for the Johnson-Delk note raises a question for a jury as to whether C & S was aware of the deficiencies in that note. In opposition to that position, C & S offered evidence that it took the note for value, in good faith, and without notice of any defects or defenses. Other than the inferences arising from the evidence of value paid by C & S to Peek, Johnson presented no other substantial, factual evidence showing

that C & S was not a holder in due course.

The mere fact that there might have been an inadequacy of consideration does not give rise to the conclusion proffered by Johnson. *Hartfelder & Cochran v. Clark,* 10 Ga. App. 422 (1) (73 SE 603). See *Commercial Credit &c. Corp. v. Reeves,* 110 Ga. App. 701 (139 SE2d 784). Johnson has presented no specific facts to show that C & S was aware that the Johnson-Delk note was defective or that C & S was not a holder in due course other than bare assertions and conclusions in his defensive pleadings.

The Civil Practice Act, § 56 (e) (Code Ann. § 81A-156 (e)) provides in pertinent part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The evidence is uncontroverted that C & S Bank has held the note in question without interruption, obtained it in good faith and paid value therefor. Johnson has presented no credible evidence to show that the bank is not a holder in due course. Johnson admitted executing the note and does not deny that he is jointly and severally liable if the bank is indeed a holder in due course. Under such a state of facts, the trial court did not err in granting the motion for summary judgment. *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). See also *Lake v. Hamilton Bank,* 137 Ga. App. 600, 602 (224 SE2d 522); *Strickland v. C. & S. Nat. Bank,* 137 Ga. App. 538, 540 (224 SE2d 504).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 2, 1977 — DECIDED
JANUARY 11, 1978.

*Paul S. Weiner,* for appellant.

*Alston, Miller & Gaines, Peter Q. Bassett,* for appellees.

Donald A. Delk, *pro se.*