**GRUMMAN CREDIT CORPORATION,**
**Plaintiff,**

v.

**Bobby E. RIPPEE et al., Defendants and Counterclaimants,**

v.

**GRUMMAN CREDIT CORPORATION et al., Counterdefendants.**

**No. DC 79–57–S–P.**

United States District Court,
N. D. Mississippi,
Delta Division.

Feb. 8, 1980.

William M. Chaffin and Dan Webb, Holcomb, Dunbar, Connell, Merkel, Tollison & Khayat, Clarksdale, Miss., for Grumman Credit Corp.

Robert L. Crook, Ruleville, Miss., Paul Mansour, Greenville, Miss., S. T. Rayburn, Summers, Hickman & Rayburn, Oxford, Miss., Robert A. Kammer, Jr., Lord, Bissell & Brook, Chicago, Ill., for Mid-Continent Aircraft Corp.

David R. Hunt, Sullivan, Hunt, Spell, Henson & Chapman, Clarksdale, Miss., for Gerdes Products Co.

William E. Suddath, Jr., Watkins & Eager, Jackson, Miss., for Gulfstream American Corp.

David G. Hill, Ronald W. Lewis, Oxford, Miss., for Bobby E. Rippee and Richard J. Slater.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court upon the motion of the counterdefendant, Gulfstream American Corporation, to dismiss the counterclaim by the defendants, Bobby E. Rippee and Richard J. Slater. The counterclaim of the defendants was filed on September 14, 1979, and the counterdefendant's motion was filed on December 10, 1979. All of the issues have been fully briefed by counsel for both parties, and the motion is now ready for this court's disposition.

The pleadings in this action reveal that in 1977, defendants, Rippee and Slater, agreed to form an agricultural flying and crop-dusting service, which they named R. & S. Farm Air. In December of 1977, the defendants conducted negotiations with a representative of Mid-Continent Aircraft Corporation (hereinafter "Mid-Continent") for the purpose of purchasing a 1977 Grumman Ag-Cat crop-dusting aircraft. Mid-Continent, a Missouri corporation with its principal place of business in Missouri, is also named as a counterdefendant in this action. On January 31, 1978, the defendants executed a sales contract with Mid-Continent for the purchase of the aircraft. The purchase price was $69,500.00, upon which the defendants made a down payment of $6,950.00. A "credit service charge" of $33,466.04 was added to the balance, bringing the total amount to be paid under the contract to $96,031.04. This amount was to be paid in 84 monthly installments, although the payment was seasonal. In other words, during the months in which the defendants conducted most of their business, they were to make larger payments than during other months.

On the same date the contract was signed, Mid-Continent assigned the entire contract to the plaintiff, Grumman Credit Corporation (hereinafter "Grumman"). The defendants made all monthly payments to Grumman through August 3, 1978, when the aircraft was involved in an accident in landing at the defendants' airstrip. The defendants ceased making payments under the contract, and Grumman filed the action sub judice on May 1, 1979. Grumman's complaint alleges that the defendants are in default under the terms of the contract, and that there is now due and owing the sum of $95,431.04. On May 4, 1979, this court entered an order providing for the issuance of a writ of replevin, and it now appears from the pleadings that the plaintiff is in possession of the aircraft.

The defendants filed an answer, in which they also included a counterclaim, on September 14, 1979. The counterclaim names the following parties as counterdefendants:

the plaintiff, Grumman Credit Corporation, which is the assignee of the contract; Mid-Continent, the company which sold the aircraft to defendants; Gulfstream American Corporation, the manufacturer; Schweizer Aircraft Corporation, which also manufactured part of the aircraft; and Gerdes Products Company, the manufacturer of the aircraft's parking brake assembly. Defendants alleged in their counterclaim that a defect in the parking brake caused the aircraft to crash upon landing, and that all of the counterdefendants knew or should have known of that defect. Failure to correct the defect and failure to construct the aircraft in a reasonably safe manner amounted to a breach of warranty and breach of duty. Gulfstream American Corporation, one of the counterdefendants, has now filed a motion to dismiss the counterclaim, on the basis that it is not a proper counterclaim under Rule 13, Fed.R.Civ.P.

The only method by which someone other than the plaintiff may be named as a counterdefendant is through the procedure authorized by Rule 13(h). This rule provides that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." If joinder of an additional party is required by Rule 19 or 20, therefore, the party may be brought in on the counterclaim under Rule 13(h). Defendants contend that they need only have a claim against the original plaintiff in order to add new parties to the counterclaim, and they cite several cases in which joint tortfeasors were added as parties. While it may be true that one must assert a claim against the plaintiff in order to add new parties, the language of Rule 13(h) is clear that this court must also look to the requirements of Rules 19 and 20. *See Independence Tube Corp. v. Copperweld Corp.,* 74 F.R.D. 462, 466 (N.D.Ill.1977).

In *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), the Supreme Court discussed the 1966 revision of Rule 19, and held that the question of joinder in diversity cases is one of federal law. In determining that issue, however, the substantive rights of the parties must also be analyzed. This naturally involves questions of state-defined rights and interests. 390 U.S. at 125 n. 22, 88 S.Ct. at 746 n. 22. *See also Jamison v. Memphis Transit Management Co.,* 381 F.2d 670, 674 (6th Cir. 1967); *Reese v. Skelly Oil Co.,* 53 F.R.D. 548, 553 (S.D. Miss.1971). Where, as in this case, the substantive rights of the parties are governed by state law, the court should first examine those rights to determine if the outside parties should be joined. Defendants contend that Gulfstream American Corporation, the counterdefendant and movant herein, should be joined under the standard of Rule 19(a)(1). That section provides that a person shall be joined as a party if "in his absence complete relief cannot be accorded among those already parties."

■ The plaintiff's original claim is based upon the allegation that the defendants have defaulted in their payments under a contract which was assigned to the plaintiff. That contract contains a provision which states that the purchaser "agrees not to set up any claim against [the] Seller as a defense, counterclaim or offset to any action by any assignee for the Time Balance or for possession of the collateral, . . ." Under applicable provisions of the Uniform Commercial Code as adopted in Mississippi, that clause is effective where the assignee takes the assignment "for value, in good faith and without notice of a claim or defense . . . ." Miss.Code Ann. § 75–9–206(1) (1972). Subject to any statutes or decisions which interpret waiver of defense clauses as unconscionable in purchases of consumer goods, the clause is generally held to be enforceable by the assignee. *See, e. g., Westinghouse Credit Corp. v. Chapman,* 129 Ga.App. 830, 201 S.E.2d 686 (1973).

■ Since the waiver of defense clause is authorized by Mississippi law and is enforceable by the plaintiff, the defendants have no claim against the plaintiff, under the terms of the contract. Given the status of the defendant's counterclaim, therefore,

it is clear that Gulfstream American is not a party whose joinder is essential for a fair and just adjudication of the action. Since the defendants have failed to meet the standards imposed by Rules 13(h), 19, and 20, the counterdefendant's motion should be sustained. An appropriate order will be entered.