## 64494. DESIGN ENGINEERING, CONSTRUCTION INTERNATIONAL INC. v. CESSNA FINANCE CORPORATION.

CARLEY, Judge.

The facts, insofar as they are relevant to the instant appeal, are as follows: Appellant-plaintiff, Design Engineering, Construction International Inc. (DECI), purchased an airplane from Outlaw Aircraft Sales Inc. (Outlaw). The sale was evidenced by a conditional sales contract financing the unpaid balance of the purchase price. The contract contained the following provision: "This contract may be assigned by the Seller [Outlaw] and, if so assigned, the assignee shall have and be entitled to exercise any and all rights and powers of the Seller hereunder and all obligations and duties of the Buyer [DECI] to or for the Seller shall be obligations and duties to or for such assignee and when so assigned the contract shall be free from any claims whatsoever which Buyer may have against Seller. All Payments or other moneys due hereunder and under the Note secured hereby shall be paid by Buyer to such assignee without recoupment, set-off or counterclaim, either in law or in equity." In addition to the conditional sales contract and, as part of the same transaction, DECI executed a promissory note to Outlaw for the

unpaid balance of the purchase price of the airplane. On the same day that DECI purchased the airplane, Outlaw, for value received, assigned the conditional sales contract and endorsed the promissory note to appellee-defendant, Cessna Finance Corporation (CFC).

DECI subsequently defaulted on the underlying conditional sales contract and the note. DECI then instituted the instant action against Outlaw, Cessna Aircraft Company and appellee-CFC. As against CFC, the complaint alleged a claim for the breach of implied warranties of merchantability and fitness for a particular purpose in connection with the aircraft DECI had purchased from Outlaw. DECI also sought, pursuant to Code Ann. § 109A-2—609, rescission of the underlying "agreements, contracts and notes" on the basis that CFC had repudiated those agreements through its failure, after demand, to give "adequate assurance of due performance" of the implied and express warranties on the airplane.

In its answer, CFC denied the material allegations of the complaint. CFC also filed a counterclaim seeking to recover on the conditional sales contract and the promissory note which had been assigned and endorsed to it by Outlaw, the seller. After extensive discovery, CFC moved for summary judgment in the main action and on its counterclaim. The trial court granted CFC's motion in its entirety. It is from this order that DECI brings the instant appeal.

1. We turn first to the grant of summary judgment to CFC on its counterclaim. The relevant statute with reference to the assigned conditional sales contract is Code Ann. § 109A-9—206 (1): "Subject to any statute or decision which establishes a different rule for buyers of consumer goods, an agreement by a buyer that he will not assert against an assignee any claim or defense which he may have against the seller is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument under the Article on Commercial Paper (Article 3). A buyer who as part of one transaction signs both a negotiable instrument and a security agreement makes such an agreement." See *Westinghouse Credit Corp. v. Chapman,* 129 Ga. App. 830 (201 SE2d 686) (1973). The relevant statute with reference to the promissory note, Code Ann. § 109A-3—302(1), provides: "A holder in due course is a holder who takes the instrument (a) for value; and (b) in good faith; and (c) without notice that it is overdue or has been dishonored or of any defense against it or claim to it on the part of any person." See generally *Johnson v. C & S Bank,* 144 Ga. App. 515 (241 SE2d 625) (1978).

DECI apparently concedes that the defenses that it seeks to assert against enforcement of the conditional sales contract and the

note would not be assertable against one having holder in due course status. See Code Ann. § 109A-3—305. DECI states in its brief that "[t]he consideration of this appeal boils down to a single issue. Is the 'Party-to-the -transaction Rule' a viable legal concept under Georgia law or not." (S. B., p.1) The "party-to-the-transaction rule" is a legal principle in the law of negotiable instruments and has been adopted in several jurisdictions. That legal principle establishes, in effect, a defense to the assertion of holder in due course status. As stated by the Supreme Court of New Jersey, the premise upon which the "rule" is based is that "[i]n the field of negotiable instruments, good faith is a broad concept. The basic philosophy of the holder in due course status is to encourage free negotiablity of commercial paper by removing certain anxieties of one who takes the paper as an innocent purchaser knowing no reason why the paper is not as sound as its face would indicate. It would seem to follow, therefore, that the more the holder knows about the underlying transaction, and particularly the more he controls or participates or becomes involved in it, the less he fits the role of a good faith purchaser for value; the closer his relationship to the underlying agreement which is the source of the note, the less need there is for giving him the tension-free rights considered necessary in a fast-moving, credit-extending commercial world." Unico v. Owen, 232 A2d 405, 410 (N. J. 1967). While the conditional sales contract is not a negotiable instrument (see *Geiger Fin. Co. v. Graham,* 123 Ga. App. 771 (182 SE2d 521) (1971)), DECI asserts that the same rationale of the "party-to-the-transaction" rule would attach because, under Code Ann. § 109A-9—206, the assignee must take his assignment in "good faith" and "without notice of a claim or defense," conditions which, according to DECI, cannot be demonstrated if the assignee was, in effect, a "party to the transaction."

Our independent research confirms that the "party-to-the-transaction rule" has apparently never been directly addressed by the appellate courts of this state. However, our review of the record in the instant case also demonstrates that, in resolving the issues raised in this appeal, we need not make a definitive decision as to whether that legal principle is or is not viable in Georgia. This is true because, even when viewed in light of the foreign authorities enunciating and adopting the "rule," the evidence in the instant case, contrary to DECI's assertions, would not support a finding that CFC, the assignee of the contract and note, was an "original party" to the underlying sale. Outlaw, the seller, is a wholly independent dealer and is not owned or controlled by CFC. The fact that CFC prescribed the forms and documents to be used by Outlaw when financing a sale through it and specified the terms and conditions upon which it

would accept them does not demonstrate that CFC was the "original creditor." Apparently, Outlaw was free to finance through companies other than CFC. Accordingly, even assuming that the "party-to-the-transaction" rule were viable in Georgia, it is clear that the evidence in the instant case fails to demonstrate that CFC's counterclaim would come within it. Cf. *Chrysler Credit Corp. v. Barnes,* 126 Ga. App. 444, 453 (191 SE2d 121) (1972). Compare Unico, 232 A2d 405, supra; Jones v. Approved Bancredit Corp., 256 A2d 739 (Del. 1969); American Plan Corp. v. Woods, 240 NE2d 886 (Ct. of App. O. 1968); Commercial Credit Corp. v. Orange County Mach. Works, 214 P2d 819 (Calif. 1950).

The evidence demonstrates that CFC took the conditional sales contract and the note for value, in good faith and without notice of any defense or claim to them on the part of any person. DECI has presented no credible evidence to the contrary and has raised no defenses assertible against one otherwise entitled to claim holder in due course status. Accordingly, we find no error in the grant of summary judgment in favor of CFC on its counterclaim against DECI. See *Westinghouse Credit Corp.,* 129 Ga. App. 830, supra; *Johnson,* 144 Ga. App. 515, supra.

2. We turn now to the grant of summary judgment to CFC on the main action. As to the breach of warranty claim, CFC was the mere assignee of the contract and note, was not the seller of the airplane and, for the reasons discussed in Division 1, was not a "party" to the sale. There is simply no basis for asserting a breach of warranty claim against CFC and it was not error to grant summary judgment in favor of CFC as to this count of the complaint. Likewise, with regard to the count premised upon the provisions of Code Ann. § 109A-2—609, CFC was not a "party" to the underlying contract for sale of the airplane and the statute is simply inapplicable insofar as a potential claim by DECI against CFC is concerned. CFC has holder in due course status and the claims which DECI seeks to assert in the main action against CFC are simply not assertible against one having such status. Cf. Ga. Code Ann. § 109A-3—305. DECI's contractual remedies based upon the breach of duties arising from the underlying sale of the airplane must be asserted against those parties to the transaction upon whom these duties are imposed.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 15, 1982 —
REHEARING DENIED OCTOBER 28, 1982 —

*Charles Ratz,* for appellant.

*Stephen E. O'Day, Paul M. Talmadge, Jr., Donald R. Anderson, W. Meade Burnes,* for appellee.