## 64731. STENGER INDUSTRIES, INC. v. EATON CORPORATION.

SOGNIER, Judge.

Eaton Corporation sued Stenger Industries, Inc. (Stenger) for breach of an equipment rental agreement. Stenger counterclaimed alleging, inter alia, fraud, tortious conduct and breach of warranty. The trial court directed a verdict in favor of Eaton Corporation in the amount of $9,153.54 plus interest from June 30, 1979 at the rate of 7%. Stenger appeals from the denial of his motion for judgment notwithstanding the verdict or motion for new trial.

In November 1977 Stenger entered into an agreement with Ogden Equipment Company (Ogden) to lease a 1977 model forklift truck. The lease provided for $2,000 advance payment and 60 monthly payments at $198.99 per month with an option to purchase the equipment at the end of the lease term for one dollar. Ogden assigned the lease agreement to Eaton Corporation. Payments on the contract were made to Eaton Credit Corporation. In January of 1979 Stenger became dissatisfied with the forklift and was allegedly advised that the new 1977 forklift was actually a 1974 model. Stenger ceased making payments on the equipment lease; Eaton Corporation accelerated payments on the agreement and subsequently filed the instant suit.

1. Appellant contends that the trial court erred in directing a verdict in favor of Eaton Corporation. The trial court directed the verdict based upon the following provisions of the contract: "9. Assignment: Any of Lessor's right, title and interest in and to Equipment or this Lease may be assigned or otherwise transferred without notice to Lessee. Any assignee of Lessor shall have all of Lessor's rights and remedies but none of Lessor's obligations. Lessor shall not be deemed an agent of any such assignee. Lessee shall settle all claims against Lessor directly with Lessor and shall not assert any such claim as a defense, counterclaim or setoff against any such assignee. . . . FOR VALUE RECEIVED, the undersigned Lessor hereby sells, transfers and assigns to Eaton Corporation all its rights, title and interest in and to the within Equipment Lease upon the

terms contained in the written 'Assignment by Dealer' most recently executed by Lessor."

Code Ann. § 109A-9—206 (1) (now OCGA § 11-9-206 (1)) provides: ". . . an agreement by a buyer that he will not assert against an assignee any claim or defense which he may have against the seller is enforceable by an assignee who takes his assignment for value, in good faith, and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument . . ."

We find this case controlled by our decision in *Westinghouse Credit Corp. v. Chapman,* 129 Ga. App. 830 (201 SE2d 686) (1973). The waiver of defenses contained in Paragraph 9 of the contract is enforceable by the assignee if it took the assignment for value, in good faith and without notice of the claim or defense against it, unless the defenses sought to be raised would be good against a holder in due course under Code Ann. § 109A-3—305 (now OCGA § 11-3-305).

The evidence discloses that the contract was assigned to Eaton Corporation and that Eaton Credit Corporation (a wholly owned subsidiary of Eaton Corporation) paid the proceeds of the account to Ogden on behalf of Eaton Corporation. Thus, Ogden received value for the assignment. The evidence also discloses that at the time of the assignment Eaton Corporation had no knowledge that the equipment was claimed to be defective; that Eaton Corporation first learned of Stenger's claims in May of 1979 when Stenger became dissatisfied with the equipment. The defenses raised would not be good against a holder in due course. See *Citizens Nat. Bank v. Brazil,* 141 Ga. App. 388 (233 SE2d 482) (1977). Thus, the defenses and counterclaims offered by Stenger would not defeat Eaton Corporation's claims and the directed verdict in favor of appellee was correct. *Westinghouse,* supra, at p. 832.

2. Appellant also contends that the trial court erred in failing to join indispensable parties. Appellant argues that Ogden and Eaton Credit Corporation should have been joined as indispensable parties to the action. We do not agree.

Ogden assigned "all its rights, title and interest" in the equipment lease to Eaton Corporation. There is no evidence of any written assignment made to Eaton Credit Corporation so as to make it an indispensable party to the suit between Eaton Corporation and Stenger. *McIntosh v. Marvin M. Black Co.,* 114 Ga. App. 777 (152 SE2d 804) (1966). Thus, the assignment vested the full legal title to the entire chose in action in Eaton Corporation. *Henry v. Moister,* 155 Ga. App. 462 (271 SE2d 40) (1980).

3. Appellant contends that the trial court erred in including unearned and undue lease payments in the judgment and interest

from June 30, 1979 at 7%. While the contract in question is entitled an "Equipment Lease Agreement," it is in fact a security agreement under the provisions of Code Ch. 109A-9 (now OCGA Ch. 11-9). *Citizens &c. Leasing v. Atlanta Fed.,* 144 Ga. App. 800 (243 SE2d 243) (1978). The contract provides that upon default Lessor may ". . . demand payment of all amounts due and to become due from Lessee, whereupon all such amounts shall become immediately due and payable with interest at the maximum legal rate . . ." The evidence discloses that appellant ceased to make payments on the contract in January 1979. Pursuant to the contract, Eaton Corporation accelerated the remaining payments on the contract and made demand for payment on May 30, 1979. "All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, they shall bear interest from the time of the demand." Code Ann. § 57-110 (now OCGA § 7-4-15). The trial court did not err in entering judgment including interest.

4. In view of our decision in Division 1 of this opinion, it is not necessary to address appellant's remaining enumerations of error.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 10, 1983.

*James E. Goodman, F. Clay Bush,* for appellant.
*Robert A. Elsner, Christopher G. Knighton,* for appellee.