## 64994. WALTER E. HELLER & COMPANY SOUTHEAST, INC. v. REEVES TRANSPORTATION COMPANY.

SHULMAN, Chief Judge.

In July of 1980, appellant entered into a financing agreement with Kenworth of Greenville (hereinafter "Kenworth") pursuant to which Kenworth assigned to appellant all its accounts receivable. On the same day, appellee, an account debtor of Kenworth, executed a letter agreement by which it acknowledged the assignment, agreed not to assert against appellant any defenses or claims of offset arising out of any transactions then or thereafter with Kenworth, and agreed that the amount of its current debt was as shown in the letter and that it would not assert any defense, offset, or counterclaim as to that debt. In December of that year, Reeves was instructed to make all payments on its account with Kenworth directly to Heller. When appellee did not pay the amount appellant claimed, appellant filed this suit. Appellee defended on the basis of payment and claimed an offset by virtue of credit memoranda issued by Kenworth subsequent to the July agreement. Both parties moved for summary judgment and the court issued an order in which it held that the amount of the debt asserted by Heller was correct, but that the letter agreement of July was not effective until appellee was instructed in December to pay directly to Heller, and that Heller could not deny Kenworth's right to adjust the account by the issuance of credit memoranda. Pursuant to those conclusions, the trial court entered judgment for appellant for the difference between the amount of the account indebtedness and the payments and credits occurring prior to the direct payment instructions.

1. The letter agreement entered into by appellee in July 1980 is expressly authorized by Code Ann. § 109A-9—206 (1) (OCGA § 11-9-206 (1)). Pursuant to that section, the agreement is an effective waiver of all defenses except those ". . . of a type which may be asserted against a holder in due course of a negotiable instrument . . ." The defenses which may be asserted against a holder in due course of a negotiable instrument are enumerated in Code Ann. § 109A-3—305 (OCGA § 11-3-305) and do not include the defenses of offset and payment asserted by appellee in the present case.

2. The letter agreement of July 1980 is clear and unambiguous. There is no language in that agreement deferring its application until some future act by Heller. It is an unqualified promise not to assert certain defenses or claims against the collection of its account with Kenworth. The trial court's conclusion that the agreement was not effective until triggered by the instructions to pay the account directly to Heller was without support in the record or the law and

was erroneous.

 · 3. Nor does there appear to be any legal basis for the trial court's conclusion that the financing agreement between Heller and Kenworth would not permit Heller to deny Kenworth the right to issue credit memoranda to appellee. In fact, the financing agreement expressly forbade such conduct without the written consent of Heller. No such consent appears in the record. We hold, therefore, that the trial court's ruling in that regard was incorrect.

4. In summary, appellant brought suit on a valid assignment and appellee raised defenses it had agreed not to assert. The agreement by which appellee waived its defenses to collection of the account was established by the record to be enforceable, i.e., taken for value, in good faith, and without notice of the defenses later asserted. Code Ann. § 109A-9—206 (1). It follows that the trial court erred in giving effect to appellee's defenses, in denying effect to the agreements relied upon by appellant, and, therefore, in entering judgment in appellant's favor for only part of the debt when appellant had shown entitlement to judgment for the full amount sought in its amended complaint.

*Judgment reversed and remanded with direction that the trial court enter an order not inconsistent with this opinion. Quillian, P. J., and Carley, J., concur.*

DECIDED JANUARY 31, 1983 —
REHEARING DENIED FEBRUARY 23, 1983 — 

*Marion Smith II, E. Kendrick Smith,* for appellant.
*Enoch M. Overby III, A. O. Bracey III,* for appellee.