66411. HARRISON v. MASSEY-FERGUSON CREDIT CORPORATION.

CARLEY, Judge.

On January 25, 1979, appellant-defendant executed a retail installment contract to purchase a new Massey-Ferguson diesel combine and various attachments. The contract named B & J Equipment Company as the seller of the farm equipment. The contract also contained the following provision: "Seller may assign this contract and the assignee shall succeed to all seller's rights. No assignment or extension hereof or any interest herein, or loss, injury or destruction of said goods shall release buyer(s) from obligation hereunder. Buyer(s) will not set up any claim, or defense which he may have against the seller as defense, counterclaim, set-off, cross-complaint or otherwise, in any action upon the debt or for possession brought by the seller's assignee."

Pursuant to this assignment provision, the contract was assigned to appellee-plaintiff by B & J Equipment Company on the same day that appellant executed it.

The contract provided for an initial payment of $6,000 on September 1, 1979. The payment schedule thereafter provided for three equal annual installments, the first of which was due on December 1, 1979. Appellant made the September 1, 1979, payment. He did not, however, pay any of the subsequent installments. Appellee-assignee instituted the instant action to recover the unpaid balance due on the contract. Appellant answered, asserting that appellee was not a holder in due course of the contract. Appellant also counterclaimed, asserting a breach of warranty. After discovery, appellee made a motion for summary judgment both as to its main claim on the contract and as to the counterclaim. Appellee's motion was granted and appellant appeals.

1. Appellant first asserts that genuine issues of material fact remain regarding appellee's status as a holder in due course and that the trial court erred in granting appellee summary judgment as to its claim on the contract.

It appears from our review of the record that appellant is merely advancing the same arguments that were rejected in the factually similar case of *Design Engineering Constr. International v. Cessna Finance Corp.,* 164 Ga. App. 159, 160 (296 SE2d 195) (1982). Here, as in that case, the evidence fails to demonstrate that appellee-assignee was a "party to the transaction" between appellant and B & J Equipment Company, the seller-assignor. Accordingly, if appellee took the assignment "for value, in good faith and without notice of a claim or defense," appellant may raise only those "defenses of a type which may be asserted against a holder in due course . . ." OCGA § 11-9-206 (1) (Code Ann. § 109A-9—206). No genuine issue of material fact remains concerning whether appellee took the assignment for value, in good faith and without notice of a claim or defense. See *Stenger Indus. v. Eaton Corp.,* 165 Ga. App. 77 (1) (298 SE2d 628) (1983). Appellant raised no defenses which would be assertable against a party having the status of a holder in due course. The trial court did not err in granting appellee summary judgment as to its claim on the retail installment contract.

2. Appellant also asserts that genuine issues of material fact remain with regard to his counterclaim. Again, in the instant case as in *Design Engineering Constr. International v. Cessna Finance Corp.,* supra at 162, appellee "was the mere assignee of the contract . . ., was not the seller of the [equipment] and, for the reasons discussed in Division 1, was not a 'party' to the sale. There is simply no basis for asserting a breach of warranty claim against [appellee] . . . [Appellant's] contractual remedies based upon the breach of duties arising from the underlying sale of the [farm equipment] must be

asserted against those parties to the transaction upon whom these duties are imposed." If, as appellant asserts, the farm equipment was warranted by Massey-Ferguson, Inc., the manufacturer, the evidence in the instant case clearly demonstrates that appellant's claim for the breach of that warranty is assertable only against that entity and not against appellee. See *Cornwell v. Williams Bros. Lumber Co.,* 139 Ga. App. 773, 774 (1) (229 SE2d 551) (1976). The trial court did not err in granting appellee summary judgment as to appellant's counterclaim.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 21, 1983 —
REHEARING DENIED NOVEMBER 8, 1983 — CERT. APPLIED FOR.

*James E. Hudson,* for appellant.
*Henry G. Garrard III, Gary B. Blasingame, David E. Barrett,* for appellee.