## 68527. COMPTON COMPANY v. MINOLTA BUSINESS SYSTEMS, INC. et al.

DEEN, Presiding Judge.

On August 6, 1980, Allen Compton, acting for the appellant The Compton Company, submitted a customer purchase agreement to the Minolta Business Systems, Inc. (Minolta), offering to purchase two Minolta EP 510 copiers, with Minolta selling (for $750) the copier that the appellant was using at that time. On August 21, 1980, the appellant and Minolta executed the actual lease agreement.

The lease agreement provided for a 60-month lease term, after which the appellant was to acquire ownership of the copiers upon payment of a sum of ten percent of the original total cost of the equipment. The lease also contained a typical merger clause, indicating that the agreement constituted the entire agreement of the parties, and provided that "Lessor intends to assign this lease to General Electric Credit Corporation ('GECC'). Lessee acknowledges that in accordance with the terms of the lease, Lessee shall pay GECC all rents and other amounts due under the lease as and when due without deduction or offset as directed by GECC notwithstanding any claim Lessee may have against Lessor, any claim Lessee may have relative to the Equipment or any other claim of Lessee pertaining to the lease." The lease was silent as to any promise or obligation of Minolta to sell the appellant's old copier.

The two new copiers were delivered soon thereafter to the appellant, but Minolta never attempted to sell the appellant's old copier and in fact denied that obligation. The appellant eventually commenced this action against Minolta and the General Electric Credit Corporation (GECC), seeking either damages for breach of contract or rescission of the contract. The trial court granted GECC's motion for summary judgment, upholding the waiver of defense clause contained in the lease agreement, and this appeal followed. *Held:*

OCGA § 11-9-206 (1) provides that "an agreement by a buyer that he will not assert against an assignee any claim or defense which he may have against the seller is enforceable by an assignee who takes his assignment for value, in good faith, and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument . . ." While the instrument in this case is entitled an "indirect lease agreement," it is in effect a security agreement subject to the above statutory provision. See OCGA § 11-9-102, generally; *Stenger Indus. v. Eaton Corp.*, 165 Ga. App. 77 (298 SE2d 628) (1983); *Citizens & Southern Equipment Leasing v. Atlanta Fed. Sav. &c. Assn.*, 144 Ga. App. 800 (243 SE2d 243) (1978).

In this case, it was uncontroverted that the appellee GECC took

the lease agreement assignment from Minolta in good faith and for value, and without any notice of claim or defense asserted by the appellant. The appellant argues that the assignment was invalid because there actually had been no meeting of the minds with regard to the resale of the old copier and thus no contract between the appellant and Minolta. The appellant sought to prove this alleged lack of mutual assent by comparing the lease agreement's omission of any provision for Minolta to sell the old copier with the appellant's customer purchase agreement which was superseded by the lease agreement. However, this alleged infirmity of the lease agreement between the appellant and Minolta did not constitute a type of defense that could be asserted against a holder in due course, OCGA § 11-3-305, and it may not be asserted against the assignee GECC. *Westinghouse Credit Corp. v. Chapman*, 129 Ga. App. 830 (201 SE2d 686) (1973); *Stenger Indus. v. Eaton Corp.*, supra. Accordingly, the trial court properly granted summary judgment for GECC.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1984.

*Joseph H. Fowler, Betty L. Wilson*, for appellant.

*C. Wade McGuffey, Jr., William E. Turnipseed, Gary D. Stokes*, for appellee.