**MASSEY–FERGUSON CREDIT CORP., Plaintiff,**

v.

**Marion WILEY, Defendant.**

**Civ. A. No. 84–229–1–MAC.**

United States District Court,
M.D. Georgia,
Macon Division.

Jan. 13, 1987.

---

Jerome L. Kaplan, Ronald C. Thomas, and James P. Smith, Macon, Ga., for plaintiff.

Roosevelt Warren, Sparta, Ga., for defendant.

FITZPATRICK, District Judge.

Pending before the court is plaintiff's motion for partial summary judgment. Plaintiff's complaint alleges that defendant is indebted to plaintiff in the amounts of $15,528.14 and $18,080.12 on account of defendant's default under the terms of two retail installment contracts and security agreements. Defendant admits that he is in default under the contracts, but alleges certain defenses for his nonpayment. With respect to the first contract ("Security Agreement 1"), defendant alleges that he did not receive the equipment listed as consideration in the security agreement, and that the security agreement was obtained by fraud. Defendant alleges that the second security agreement, ("Security Agreement 2") was also executed and delivered without any consideration. Defendant additionally denies that he signed Security Agreement 2.

Plaintiff argues that it is a holder in due course of these two documents, and thus is entitled to take free of most of defendant's alleged defenses. The court will first address the status of plaintiff as a holder in due course, and then will address the defenses as they apply to each of the two security agreements.

**I.  Plaintiff's status as a holder in due course.**

Both security agreements in question provide that:

Seller may assign this contract and the assignee shall succeed to all Seller's rights. No assignment or extension

hereof or of any interest herein, or loss, injury or destruction of said property shall release Buyer(s) from obligation hereunder. Buyer(s) will not set up any claim, or defense which he may have against the Seller as defense, counter-claim, set-off, cross-complaint or otherwise, in any action upon the debt or for possession brought by the Seller's assignee.

Exhibits "1" and "6", Plaintiff's Motion for Summary Judgment.

The "seller" of the equipment and original holder of the security agreement, Davis Tractor Company, assigned the security agreements to plaintiff. The following statute is relevant with regard to the assignment:

> Subject to any statute or decision which establishes a different rule for buyers of consumer goods, an agreement by a buyer that he will not assert against an assignee any claim or defense which he may have against the seller is enforceable by an assignee who takes his assignment for value, in good faith, and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument under the article on commercial paper (Article 3 of this title). A buyer who as part of one transaction signs both a negotiable instrument and a security agreement makes such an agreement.

O.C.G.A. § 11-9-206(1) (1982).[1]

■ Therefore, if plaintiff took the assignment for value, in good faith, and without notice of a claim or defense, plaintiff takes the assignment free of any defense except those which might be asserted against a holder in due course. The uncontradicted evidence shows that plaintiff paid Davis Tractor Company $15,291.46 in consideration for the assignment of Security Agreement 1, and $12,803.31 in consideration for the assignment of Security Agreement 2. The uncontradicted evidence also establishes that the assignment was taken by plaintiff in good faith, and without notice of a claim or defense. *See* Affidavit of Jim W. Braswell ¶ 4, ¶ 9; O.C.G.A. § 11-3-304 (1982) and 11-1-201(19) (1982): Exhibits "1" through "9", Plaintiff's Motion for Summary Judgment.

Defendant has argued that O.C.G.A. § 11-9-206, which statutorily gives plaintiff the rights of a holder in due course, does not apply unless an Article III negotiable instrument *and* a security agreement are taken by the assignee.[2] The court recognizes that, under Georgia law, security agreements are not negotiable instruments. Thus, security agreements do not fall within the ambit of Article III of the Uniform Commercial Code, including the holder in due course provisions. *Geiger Finance Co. v. Graham,* 123 Ga.App. 771, 182 S.E.2d 521 (1971). The *Geiger* case, however, did not concern a security agreement with a "waiver of defenses" clause such as that contemplated by O.C.G.A. § 11-9-206. Section 11-9-206 creates holder in due course status for an assignee who takes a security agreement with a "waiver of defenses" clause, such as the clauses contained in the security agreements in this case. This is true even if the security agreement is assigned in the absence of the assignment of an Article III negotiable instrument in the same transaction.

> [T]he comments to § 3-104 [stating that the provisions for negotiable instruments apply only to enumerated negotiable doc-

---

1. Defendant argues that O.C.G.A. § 11-9-206 is applicable only to consumer goods. Defendant has misconstrued the statute as the statute is applicable to *all* transactions unless there is a *different* provision for consumer goods.

2. Defendant has argued that the case of *Design Engineering Constr. Int'l, Inc. v. Cessna Finance Corp.* held that for § 11-9-206 to apply, a party must take a negotiable instrument, in addition to an installment contract and security agreement, during the same transaction. 164 Ga. App. 159, 296 S.E.2d 195 (1982). The transac- tion in *Design Engineering* did involve the transfer of a negotiable instrument and a security agreement with a "waiver of defenses" clause. The case also held that § 11-9-206 applied. However, the court did not state anywhere in the case that § 11-9-206 would not apply in the absence of a negotiable instrument. The main holding of *Design Engineering* is on an entirely different issue, namely the "party to the transaction rule." There is no valid contention in the case *sub judice* that plaintiff was a party to the transaction.

uments] declare that the language of § 3–104(1) leaves open the possibility that some writings may be made negotiable by other statutes or by judicial decision ... Moreover, examples are contained within the U.C.C. itself: ... even ordinary contracts qualifying as security agreements under Article 9, *if they contain a so-called "waiver of defenses" clause which, under ordinary contract rules of estoppel, operates to preclude the obligor from asserting a defense against a bona fide purchaser.*

F. Miller & A. Harrell, *The Law of Modern Payment Systems and Notes* 40 (1985). (emphasis added) *See also* U.C.C. § 9–206 comment 1 (1978): The execution of a negotiable note in connection with a security agreement is given like effect as the execution of an agreement containing a waiver of defenses clause.

Federal Rule of Civil Procedure 56(e) provides that:

... When a motion for summary judgment is made and supported as provided in this rule, and adverse party *may not rest upon the mere allegations or denials of his pleading,* but his response, by affidavits on as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Fed.R.Civ.P. 56(e) (emphasis added)

Defendant has failed to put forth any evidence to create an issue of material fact, or to controvert plaintiff's evidence that it took the instruments for value, in good faith, and without notice of a claim or defense. The court concludes that plaintiff, given the rights of a holder in due course of Security Agreement 1 and Security Agreement 2, took the instruments free of "personal defenses such as failure or lack of consideration, breach of warranty, unconscionability and fraud in the inducement of the contract." O.C.G.A. § 11–3–305 (1982).

**II. Defenses as they apply to Security Agreement 1.**

■ Defendant alleges that Security Agreement 1 was executed and delivered without any consideration, and that he did not receive the equipment listed in Security Agreement 1. Failure of consideration is a personal defense and is ineffective against a holder in due course.

■ The "fraud" alleged by Defendant, even if proven, does not constitute "fraud in the factum," which is the only type fraud available under the Uniform Commercial Code as a defense against a holder in due course. Fraud in the factum involves fraud in which the signer of the instrument has no knowledge of the nature of the instrument that he is signing, and knowledge of the nature of the document is completely beyond his reach.[3] U.C.C. § 3–305 comment 7 (1978). The evidence in this case indicates that defendant understood that he was incurring indebtedness

---

**3.** U.C.C. § 3–305 comment 7 (1978): Paragraph (c) of subsection (2) is new. It follows the great majority of the decisions under the original Act in recognizing the defense of "real" or "essential" fraud, sometimes called fraud in the essence or fraud in the factum, as effective against a holder in due course. The common illustration is that of the maker who is tricked into signing a note in the belief that it is merely a receipt or some other document. The theory of the defense is that his signature on the instrument is ineffective because he did not intend to sign such an instrument at all. Under this provision the defense extends to an instrument signed with knowledge that it is a negotiable instrument, but without knowledge of its essential terms.
The test of the defense here states is that of excusable ignorance of the contents of the writ-

ing signed. The party must not only have been in ignorance, but must also have had no reasonable opportunity to obtain knowledge. In determining what is a reasonable opportunity all relevant factors are to be taken into account, including the age and sex of the party, his intelligence, education and business experience; his ability to read or to understand English, the representations made to him and his reason to rely on them or to have confidence in the person making them; the presence or absence of any third person who might read or explain the instrument to him, or any other possibility of obtaining independent information; and the apparent necessity, or lack of it, for acting without delay.
Unless the misrepresentation meets this test, the defense is cut off by a holder in due course.

on equipment. *See* Deposition of M. Wiley, pp. 9 and 10. Defendant has admitted that he can read, and that he is a high school graduate. The nature and terms of the instruments of indebtedness are clearly printed on the documents. *See generally* Exhibits "1" through "9", Plaintiff's Motion for Summary Judgment. There is no evidence that defendant was denied the opportunity to read the security agreements, or that Davis Tractor Company utilized misleading devises to prevent him from reading them. Mere allegations of misrepresentation are not sufficient to prove "fraud in the factum" to withstand plaintiff's motion for summary judgment. *See Morrison v. Roberts*, 195 Ga. 45, 23 S.E.2d 164 (1942); *Bradley v. Swift & Company*, 93 Ga.App. 842, 93 S.E.2d 364 (1956).

■ Defendant has also alleged that the price terms in the Security Agreement 1 were left incomplete. As a holder in due course, plaintiff is entitled to enforce the instrument as it was completed. O.C.G.A. § 11–3–407(3) (1982). If a writing is signed with blanks left to be filled in by the other party, the person signing is bound by it. *State Hwy. Dept. v. Raines*, 129 Ga.App. 123, 199 S.E.2d 96 (1973).

Defendant has failed to put forth evidence to prove any defense which may be asserted against a holder in due course. Therefore, plaintiff is entitled to summary judgment against defendant with respect to Security Agreement 1. The amount remaining on the balance after subtracting payments made by defendant is $15,528.14.

**III.** Defenses as they apply to Security Agreement 2.

Defendant's defenses to this security agreement are that the agreement was executed and delivered without any consideration. Alternatively, defendant alleges that he did not sign the security agreement. Because failure of consideration is a personal defense, and cannot be asserted against a holder in due course, defendant cannot use this defense to defeat plaintiff's motion for summary judgment. O.C.G.A. § 11–3–305 (1982). Plaintiff is entitled to partial summary judgment on this issue.

■ The only issue of material fact remaining to be adjudicated is defendant's allegation that he did not sign Security Agreement 2. If defendant can prove at trial that he did not sign the document, he will have a valid defense even against a holder in due course. Therefore, defendant is entitled to a trial on the issue of the genuineness of defendant's signature on Security Agreement 2. All other issues are resolved by grant of plaintiff's motion for partial summary judgment.