**FORD MOTOR CREDIT CO., Plaintiff,**

v.

**Tim BRANCH, et al., Defendants.**

**Civ. A. No. 92–21–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

Oct. 22, 1992.

---

Robert C. Martin, Jr., William C. Pound, Columbus, Ga., for Ford Motor Credit Co.

Robert Cyril Wilmot, Tifton, Ga., for Tim Branch, a/k/a Tim V. Branch.

John S. Sims, Jr., Tifton, Ga., for Ray Goodman.

## ORDER

OWENS, Chief Judge.

Before the court are cross-motions for summary judgment filed by plaintiff Ford Motor Credit Co. and defendant Branch. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## FACTS

On or about June 18, 1990, a representative from Tift County Tractor Co., Inc. ("Tift County Tractor") contacted a representative of plaintiff Ford Motor Credit Co. concerning the possible financing of a purchase agreement between Tift County Tractor and defendant Branch. Under the agreement, Branch was to purchase heavy construction equipment from Tift County Tractor for approximately $75,000. After studying the transaction, Ford Motor agreed to finance the purchase for the sum of $67,382.72.

On or about June 20, 1990, defendant Branch signed a contract for the purchase of construction equipment ("Contract") from Tift County Tractor. Prior to signing the Contract, Branch had been contacted by defendant Goodman of Tift County Tractor concerning the purchase of the equipment. Goodman told Branch that if Branch purchased the equipment, then Goodman would lease the equipment on Branch's behalf.

Goodman brought the Contract documents to Branch's office on or about June 20, 1990, for Branch's signature. Ford Motor supplied standard forms for the Contract. However, when Branch signed the Contract, the forms were completely blank except for the preprinted portions. At the time he signed the Contract, Branch knew that he was signing a retail installment contract for the purchase of construction equipment. He also knew that the transaction would be financed by Ford Motor. He did not know the cost of the equipment, and he never attempted to verify any part of the transaction. He relied upon Goodman to take care of the details of the transaction. The entire transaction took place in approximately two minutes.

Ford Motor received a copy of the contract on June 22, 1990, and mailed a check for $64,078.38 to Tift County Tractor in exchange for the assignment of the Contract. When Ford Motor accepted the assignment, it had no knowledge of any defenses that Branch had against Tift County Tractor on the Contract.

Between July 28, 1990, and July 12, 1991, Branch made nine payments to Ford Motor on the Contract. The checks for these payments were drawn upon Branch's accounts. According to Branch, he delivered the coupon book for monthly payments on the Contract to Goodman. Each month Goodman sent Branch a check for the monthly payment accompanied by a monthly coupon. Branch deposited the check into his account and paid Ford Motor with a check from his own account. During this time, Branch assumed that Goodman was collecting rents from the lease of the equipment and remitting the payment to Branch.

After July 12, Branch stopped making payments, and Ford Motor declared all sums due and payable. Ford Motor attempted to recover the construction equipment through a Writ of Possession action in the Superior Court of Tift County; however, Ford Motor was unable to locate the equipment.

Branch never saw or received the construction equipment he purchased in the Contract. Furthermore, no person or entity has any knowledge of the whereabouts of the equipment. Shortly after obtaining

the assignment of the Contract from Tift County Tractor, Ford Motor received a bill of sale for the equipment which indicated that Tift County Tractor had purchased the equipment from L.A. Womack. However, L.A. Womack claims that the bill of sale is a forgery.

Ford Motor dismissed its action in Superior Court on January 27, 1992, and instituted the present action.

## DISCUSSION

■ The basic question in this case is whether Ford Motor has the status of a holder in due course. Ford Motor argues that it is a holder in due course and, consequently, is not subject to any defenses which Branch could raise against Tift County Tractor in this case. Therefore, Ford Motor contends that it is entitled to summary judgment for the amount remaining on the Contract. In contrast, Branch argues that Ford Motor is not a holder in due course, and consequently the Contract is invalid for failure of consideration. Thus, Branch contends that he is entitled to summary judgment.

Under Georgia law, one is entitled to holder in due course status if the following conditions are met:

> Subject to any statute or decision which establishes a different rule for buyers of consumer goods, an agreement by a buyer that he will not assert against an assignee any claim or defense which he may have against the seller is enforceable by an assignee who takes his assignment for value, in good faith, and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument under the article on commercial paper (Article 3 of this title).

O.C.G.A. § 11–9–206(1).

In this case, the Contract contains a waiver provision as required in the statute: "You will not assert against any assignee or subsequent holder of this contract any claims, defenses, or set-offs which you may have against the seller or manufacturer of the property." Contract, p. 3, para. F. In addition, Ford Motor took the assignment of the Contract for value when it paid $67,382.72 to Tift County Tractor. Ford Motor also took the assignment in good faith and without notice of any claims or defenses. Therefore, Ford Motor meets the requirements for holder in due course status under O.C.G.A. § 11–9–206(1). *See Harrison v. Massey–Ferguson Credit Corp.*, 168 Ga.App. 788, 310 S.E.2d 544 (1983); *Walter E. Heller & Co. v. Reeves Transp. Co.*, 165 Ga.App. 517, 299 S.E.2d 754 (1983); *Design Engineering, Construction Int'l Inc. v. Cessna Finance Corp.*, 164 Ga.App. 159, 296 S.E.2d 195 (1982).

■ Nonetheless, Branch argues that Ford Motor cannot avail itself of this statute because the waiver provision occurs in a void, unenforceable contract. Branch claims that the Contract is void for lack of consideration, and, therefore, without a valid agreement, Ford Motor cannot be a holder in due course.

■ Branch's argument has no merit. The defense of failure of consideration is not available against a holder in due course. *Ashburn Bank v. Childress*, 120 Ga.App. 632, 171 S.E.2d 768 (1969); *Massey–Ferguson Credit Corp. v. Wiley*, 655 F.Supp. 655 (M.D.Ga.1987).

Because Ford Motor is a holder in due course, it is not subject to most defenses that Branch could raise against Tift County Tractor on the Contract. Under O.C.G.A. § 11–3–305,

> To the extent that a holder is a holder in due course he takes the instrument free from:
> (1) All claims to it on the part of any person; and
> (2) All defenses of any party to the instrument with whom the holder has not dealt except:
> (a) Infancy, to the extent that it is a defense to a simple contract; and
> (b) Such other incapacity, or duress, or illegality of the transaction, as renders the obligation of the part a nullity; and
> (c) Such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms; and

(d) Discharge in insolvency proceedings; and

(e) Any other discharge of which the holder has notice when he takes the instrument.

The only defense that could possibly apply in this case is the fraud defense as set forth in (2)(c), or fraud in the factum. Branch has raised no claim of fraud in this case; however, assuming that the Contract was fraudulent, Branch cannot show that he had no "reasonable opportunity to obtain knowledge of its character or its essential terms."

In this case, Branch signed a Contract in blank. He never bothered to discover *anything* about the Contract. He cannot now expect Ford Motor to bear the loss of his risky behavior. Accordingly, Branch cannot establish fraud in the factum against Ford Motor. *See Massey–Ferguson Credit Corp. v. Wiley*, 655 F.Supp. 655, 658–59 (M.D.Ga.1987).

As a holder in due course, Ford Motor is not subject to any of the defenses that Branch can assert against Tift County Tractor. Therefore, summary judgment in favor of Ford Motor is GRANTED.

SO ORDERED.