## BOOTH v. ROSIER.

B., as the transferee of a security deed, and N., as the transferee of another security deed, were proceeding to execute the powers contained in said deeds by advertising for sale the tracts of land described and conveyed in each of said deeds, respectively, which said tracts were subdivisions of a common tract. R., who had purchased the equity of redemption of the property conveyed by each of said deeds, and who claimed title to both of said tracts and proposed to contest the title of B. and N., filed a petition for injunction against N., and agreed with B. that the advertisement of sale under the power in the latter's deed should be withdrawn pending the judicial adjudication of the claims of N. and R., "and the expense of said advertisement will be paid by such person as should not prevail in the case." N. prevailed in the contest between N. and R.; thereupon R. paid principal, interest and costs, but not attorney's fees, to N., and tendered to B. the amount of principal and interest of her notes for securing the payment of which her said deed had been executed, and paid the advertising fee as agreed. B. refused to receive the amount of said tender unless ten per cent. in addition, as attorney's fees, should also be paid. This R. refused to do, and deposited the amount of his tender with the clerk of the court, and B. readvertised for sale the property described in her deed, insisting that she was entitled to recover attorney's fees; whereupon R. filed his equitable petition, setting forth the foregoing facts and praying that B. be restrained and enjoined from further proceeding under the power of sale. Upon the hearing of the rule the court below granted the injunction as prayed for. *Held*, that B. was not entitled to attorney's fees, and that the court did not err in so ruling.

Argued October 5,—Decided November 10, 1905.

Injunction.    Before Judge Hammond.    Richmond superior court.    July 20, 1905.

J. M. Rosier filed his equitable petition against Mrs. Edith B. Booth and F. W. Capers, her attorney, praying that the defendants be restrained and enjoined from advertising the land of petitioner for sale under a power contained in a security deed held by Mrs. Booth as transferee, and alleging, in substance, as follows:    On November 17, 1900, one Pearson conveyed the land now sought to be sold, to John D. Sheahan to secure a debt of five hundred dollars. Sheahan transferred the deed to Mrs. Booth.    Pearson sold his equity in the land to one Driggers, who sold it to the Planters Loan and Savings Bank, and the bank, on February 10, 1905, conveyed the same to petitioner, who has likewise become the owner of the bond for title issued by Sheahan to Pearson at the time the deed was executed, and petitioner is now in possession of the land.    One

of the interest instalments of the note given to Sheahan by Pearson contemporaneously with the security deed became due December 1, 1904, and was not paid; whereupon Mrs. Booth, the transferee of the note and deed, elected to mature the entire debt, principal and interest, and proceeded, through her attorney Capers, to advertise the land for sale under a power contained in the deed. The advertisement, however, was withdrawn by agreement between petitioner and defendants, pending the trial of the case of petitioner against H. P. Nichols, under the terms of which agreement petitioner paid the expense of advertising incurred by the defendant Booth. On June 1, 1905 (which was after the adjudication of the case of Rosier v. Nichols), the petitioner tendered to the defendant Booth the amount of principal and interest due upon the debt, but she refused to accept the same, demanding in addition thereto ten per cent. of the principal as attorney's fees. Petitioner declined to pay the additional ten per cent., alleging that the obligation to pay attorney's fees was void, as neither he nor his grantor Pearson had been sued and filed defenses which had not been sustained, nor had they been given notice of an intention to sue. Rosier then deposited the amount due, principal and interest, with the clerk of the superior court, thus making his tender continuous. On June 26, 1905, Mrs. Booth notified Rosier of her intention to advertise and sell the property under the power contained in the deed given to secure the debt. Sheahan is dead, and one Schweigert is his executor; and petitioner prays that the defendants be restrained from advertising the property for sale, that the debt secured by the deed be decreed paid, the deed satisfied and canceled, and Mrs. Booth and her grantor, by his executor, be required to comply with the terms of the bond for title and to reconvey the property upon the payment of the debt. The power in the deed under which the defendants are attempting to sell the land is substantially as follows: "Now, if default is made in the payment of said note, or any part thereof, or any of the interest thereon when due, . . then the whole amount of said note shall, at the option of the holder, . . become immediately due and payable without notice to the first party; and in the event said note shall be collected through an attorney at law, . . or by sale of the property, . . the said party of the first part hereby agrees . . to pay all costs and collection, including ten per cent. attorney's fees on the same, and the

said party of the second part shall have the right to proceed  .  .
to sell the property,  .  .  first giving public notice of the time,
terms, and place of sale, and of the property to be sold, by advertise-
ment once a week for four weeks in some newspaper printed and
published in the county in which the land is situated."

In their answer the defendants admit all the plaintiff's allegations
except that petitioner is ready and willing to pay the debt due Mrs.
Booth, which they deny, because petitioner refuses to pay the
amount demanded by defendants as attorney's fees.   They also deny
the allegation that petitioner had filed no defense to the claim of
Mrs. Booth, averring that petitioner had brought a bill seeking to
enjoin the collection of Mrs. Booth's debt, and unnecessarily and
unjustly delayed and hindered the said Mrs. Booth in the enforce-
ment of her legal right to collect her debt, which bill had been
adjudicated to be without merit.   Defendants further deny that the
debt due by Pearson to Mrs. Booth was paid off and discharged by
the tender of the principal and interest, and that the power of
sale in said deed is dead.   Upon the trial of the rule to show cause
why the injunction prayed for should not be granted the following
agreed facts were submitted in evidence:   The original petition in
the case of Rosier *v.* Nichols, brought to the April term, 1905, of
Richmond superior court, the substance of which is set forth in
the report of that case in 123 *Ga.* 20; the admitted facts that
Frances E. Talbert and Horace C. Pearson were each children of
Mary Pearson, and each derived title to their respective tracts of
land through the deeds referred to in the petition of Rosier *v.*
Nichols, and that each under like deeds "pledged said tract with
John D. Sheahan."   Affidavits were submitted to support the con-
tentions of both petitioner and defendants, the contents of which,
however, are not essential to a clear understanding of the case.   The
agreement entered into by the petitioner and defendants, whereby
Mrs. Booth agreed to withdraw the advertisement of the sale of
the property pending the adjudication of the case of Rosier *v.*
Nichols, is as follows:   "J. M. Rosier being in possession of what
is generally known as the Pearson property, and claiming title
thereto, and against which Horace P. Nichols has a claim for some
$300.00 and interest, and Edith B. Booth a claim for $500.00 and
interest, the validity of which claims are disputed by said Rosier; it
is agreed between counsel of the respective parties: (1) That said

Rosier will institute suit contesting the claim of said Horace P. Nichols. (2) That the advertisement in the Chronicle, of notice of sale by H. P. Nichols and Edith B. Booth, shall be withdrawn pending the judicial adjudication of these claims, and the expense of said advertisements will be paid by such person as shall not prevail in said case." Rosier was cast in the suit, and he paid the expense of the advertisements.

The injunction was granted, and the defendants excepted.

*F. W. Capers,* for plaintiffs in error.　*W. K. Miller,* contra.

Beck, J.　(After stating the facts.)　It will be observed in this case that there is no contractual obligation on the part of Rosier to pay attorney's fees, nor was he a defendant who had as such filed a plea which he afterwards failed to sustain.　Plaintiff in error must rely upon the stipulation in the deed and note for the right to proceed for attorney's fees.　But that stipulation was void—not merely voidable, unless the defendant in error or Pearson had done some act to give vitality and force to that stipulation, and the only act that they could have done to give force and effect to the obligation to pay attorney's fees, embodied in the note and security deed, was to file a plea which upon trial should have proved to be without merit.　Under the Civil Code, § 3667, as it stood before the act of 1900, an obligation to pay attorney's fees upon a note in addition to the stipulated rate of interest, whether such obligation be contained in the note or in the deed given to secure the note, is void unless that obligation is given force and effect by the defendant's filing a plea or pleas which are not sustained.　The section last referred to was under construction in the case of *Hall* v. *Pratt,* 103 *Ga.* 258, and in discussing its effect Lumpkin, P. J., said: "All contracts to pay attorney's fees incorporated in promissory notes or other evidences of indebtedness must be construed in the light of section 3667 of the Civil Code, which by operation of law constitutes a part of all such contracts, and renders them void 'unless a plea or pleas be filed by the defendant and not sustained.' A promissory note, therefore, which stipulates for the payment of attorney's fees in the event of its collection by law, must be construed as if it embraced a condition to the effect that such promise is not to be binding unless the maker of it files a plea or pleas and fails to sustain the same." Plaintiff in error himself invokes the ruling in the case of *Hall* v.

*Pratt,* supra, and contends that it is in one respect analogous to the case at bar, in that in both there is a third party who is attempting to escape the conditions of the statute by holding his principal passive while he urges a meritless defense; but the supposed analogy does not exist, for in the case just cited the party denying in vain his liability for attorney's fees was not a third party relatively to the contract there sought to be enforced and which contained an obligation to pay attorney's fees, for he had endorsed the note, and thereby became a party to the contract embodied therein, and, as the writer of that opinion says, "he also undertook and promised on his part the payment of attorney's fees in the event he filed and failed to sustain a plea."

The plaintiff in error contends that Rosier's bill against Nichols was an attack upon the title of Booth as well as Nichols. The record in this case and that in the case of *Rosier* v. *Nichols,* 123 *Ga.* 20, do not support this contention. Booth would not have been concluded by a decision in behalf of Rosier in the case of *Rosier* v. *Nichols.* She had expressly declined to accept a proposed agreement to the effect that the judgment in the latter case should be conclusive as to her.

So Rosier had not sued Booth or failed to maintain as against her a meritless defense. If the latter had been delayed in the prosecution of her remedy, she had been delayed by an agreement voluntarily entered into by her counsel to await the termination of a judicial contest that made her way plain before her, and she is not entitled to attorney's fees as against this defendant in error.

As to Pearson, the grantor in the deed and maker of the obligation to pay attorney's fees, that obligation is void. He has not been sued; or if the proceeding to exercise the power of sale in the deed be analogous or equivalent to a suit against him, it was voluntarily abandoned in consequence of an agreement with a third party, and the promise to pay attorney's fees, so far as it affects him, is absolutely void. He never did aught to give it life or force. *Stoner* v. *Pickett,* 115 *Ga.* 653; *Demere* v. *Germania Bank,* 116 *Ga.* 317. *Judgment affirmed. All the Justices concur.*