**CALVERT CREDIT CORPORATION,**
Appellant,

v.

**Irvin J. HUMBLE, Appellee.**

**No. 4379.**

District of Columbia Court of Appeals.

Argued Dec. 3, 1968.

Decided Jan. 28, 1969.

Robert L. Freedman, Washington, D. C., with whom A. Fred Freedman, Washington, D. C., was on the brief, for appellant.

Robert C. Handwerk, Washington, D. C., for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

FICKLING, Associate Judge.

Appellant is a holder of a note which had been executed by appellee to State-Wide Enterprise, Inc. Appellee's answer admitted his signature on the note but claimed that appellant was not a holder in due course and alleged defenses of failure of consideration, fraud, and usury. At trial the note was admitted into evidence and appellant established that it had purchased the note from State-Wide Enterprise, Inc.,[1]

and that, after appellee made several payments to appellant, he defaulted leaving a balance due of $1,033.21.

Appellant rested its case and appellee moved for a judgment on the grounds that appellant had not proved that it was a holder in due course, nor had it offered evidence to rebut the defenses raised by appellee in his answer to the complaint. Appellee's motion was granted and appellant has appealed.

The issue before us is whether defenses raised by appellee in his pleading, without more, constituted the establishment of a defense under the statute.[2]

We do not find it necessary to reach the question of whether appellant had established that it had the rights of a holder in due course since there was a failure to establish a defense by the defendant. Appellee did not dispute that he executed the note and, therefore, appellant met his burden of proof as a holder by introducing the note into evidence.[3] Under the statute, supra note 2, the burden of proceeding then shifted to the appellee who, in order to preclude recovery by appellant at this stage of the proceeding, would have had to prove that a defense existed against appellant who was a holder.[4]

We have examined the cases relied upon by appellee and find they are inapplicable since, unlike the instant case, some evidence was introduced to establish a defense.[5]

---

1. The $1,237.50 note was purchased for $872.96 and was non-interest bearing on its face.

2. D.C.Code 1967, § 28:3–307(2).
   "(2) When signatures are admitted or established, production of the instrument entitles a *holder* to recover on it *unless the defendant establishes a defense.*" (Emphasis supplied.)

3. *Id.*

4. Harrison v. Morias, Ind.App., 230 N.E. 2d 545 (1967) ; Universal C.I.T. Credit Corp. v. Ingel, 347 Mass. 119, 196 N.E.2d

847 (1964). See also 12 Am.Jur.2d Bills and Notes § 1158 (1964).

5. In Beatty v. Franklin Inv. Co., 115 U.S. App.D.C. 311, 319 F.2d 712 (1963), the conditional sales contract and note showed a defense on its face (a usurious rate of interest). Plaintiff failed to prove that it was a holder in due course. In United Sec. Corp. v. Bruton, D.C.App., 213 A.2d 892 (1965), after defendant introduced evidence of failure of consideration in a contract for the sale of wigs, plaintiff failed to prove that it was a holder in due course.

We hold that the trial court erred in granting the motion for judgment at the close of appellant's case.

Reversed with instructions to grant a new trial.