*Jack K. Bohler,* for appellee.

### 46244.   GANN et al. v. MILLS.

BELL, Chief Judge. The plaintiff in his complaint alleged that he was a tenant in the apartment building owned by defendants;

that his wife had placed a large amount of personal clothing in a clothes dryer located in a laundry room furnished the tenants; and that an employee of defendants acting within the scope of his employment wilfully removed the clothing from the clothes dryer and disposed of the same per the instructions of the manager of the apartment house, another employee. The defendants in substance denied all allegations of the complaint. Defendants moved for summary judgment which was supported by the affidavit of the manager. The manager stated that he found a large amount of clothing on a table in the laundry room and that he ordered one Ruark, a maintenance man, to place the clothes in a box in the back room until claimed by some tenant. The manager went on to state "Upon information and belief . . . Ruark gave the miscellaneous articles of clothing to a janitor employed on the premises." The motion was denied and was certified for direct appeal. *Held:*

It is without dispute that Ruark was a servant of the defendants. The only issue that appears in the case is whether Ruark was acting in the scope of his employment or in the furtherance of his master's business at the time of the alleged discarding of the clothes. Defendants contend that they have effectively pierced the allegations of the pleadings by the affidavit of its manager in that Ruark violated the instructions of the manager and therefore went outside the scope of his employment. On motion for summary judgment supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. CPA § 56 (e) (*Code Ann.* § 81A-156 (e)). Defendants' manager's statement that "Upon information and belief" the employee Ruark violated his instructions is a statement that cannot be considered as this evidence was not upon the personal knowledge of the affiant and therefore cannot aid the defendants' motion for summary judgment. *Thornton v. Alford,* 112 Ga. App. 321 (2) (145 SE2d 106). Thus the defendants have failed to pierce the allegations. However, even assuming arguendo that there was a violation of instructions the defendants have not shown their entitlement to judgment as a

matter of law. In any case where recovery is sought on the doctrine of respondeat superior the true test of liability upon the master for the acts of the servant is not whether an act was done in disobedience of the instructions of the master but whether it was done in the prosecution and in the scope of the master's business. *Evans v. Caldwell,* 52 Ga. App. 475 (2) (184 SE 440). "Under the test approved in *Evans,* if the act is within the class of service which the employee has the authority from the employer to perform, the employer is bound though the employee is forbidden to perform the particular act. If the act is not within the class of service, the employer is not bound." *Porter v. Jack's Cookie Co.,* 106 Ga. App. 497, 502 (127 SE2d 313). Nothing has been submitted by the defendants concerning the duties of the maintenance man. There are jury questions present.

> *Judgment affirmed. Pannell and Deen, JJ., concur.*
> ARGUED MAY 4, 1971—DECIDED JULY 13, 1971.

*Swift, Currie, McGhee & Hiers, Clayton H. Farnham,* for appellants.

*G. Fred Bostick,* for appellee.