## 66180. HOUSER v. TILDEN FINANCIAL CORPORATION.

QUILLIAN, Presiding Judge.

This is an appeal from summary judgment for plaintiff in an action to recover for breach of a contract for lease of personal property.

Defendant-appellant Houser is a medical doctor. On November 5, 1980, he agreed to lease a medical machine designed to count blood cells. In doing so he dealt with a representative of Durr-Fillauer Medical, Inc., the seller of the machine. Durr-Fillauer apparently sold the machine to E.L.S. Leasing Corporation and appellant signed a lease agreement with E.L.S. Leasing Corporation, agreeing to make certain prescribed periodic payments for the use of the machine. On November 20, 1980, appellee Tilden Financial Corporation purchased the lease agreement from E.L.S. Leasing and was assigned all of E.L.S. Leasing's rights and interest in the lease. Appellee executed a notice of assignment of the lease and appellant signed acknowledging it. Appellant thereafter made his monthly lease payments to appellee. Within a few months after the machine was delivered, it apparently malfunctioned to the point that it was useless to appellant, who had the seller take it away, and appellant ceased making payments to appellee on the lease agreement. Appellee brought this action and received summary judgment. *Held:*

Appellant contends that summary judgment should not have been granted because there were several issues for jury deter-

mination. The only issue specifically mentioned is that appellee did not prove a valid assignment of the lease.

In support of its motion for summary judgment appellee presented competent evidence of the lease, its assignment, acknowledgment of the notice of assignment by appellant and of appellant's default. Appellant presented no evidence contesting the validity of the assignment. Appellant presented evidence and argument on matters which are irrelevant to his obligations under the lease. Appellee-assignee has all the defenses of a holder in due course. OCGA § 11-3-302 (Code Ann. § 109A-3—302). Appellant cannot ignore the documents he signed or disregard his responsibilities under the lease because the machine did not operate correctly.

The lease provided: "Lessee looks solely to the manufacturer . . . of the equipment for any claim arising from any defect, breach of warranty . . . or inability to use the equipment for any reason whatsoever and Lessee's obligations to Lessor hereunder shall not in any manner be affected thereby. Lessor shall not be liable for any loss, damage or expense caused directly or indirectly by any item of equipment, the use, maintenance, repair or servicing thereof, by any delay or failure to provide same, by any interruption of service or loss of use, or for any loss of business or damage however caused . . . Lessor may, without notice, transfer or assign this lease . . . Each such assignee . . . shall have all the rights but none of the obligations of the Lessor under this lease and Lessee shall not assert against any of them any defense, counterclaim or set-off that Lessee may have against Lessor."

Since there was no evidence presented by appellant which would create a genuine issue on any material fact, the trial court did not err in granting appellee a summary judgment. OCGA § 9-11-56 (c) (Code Ann. § 81A-156). Compare *Stenger Indus. v. Eaton Corp.,* 165 Ga. App. 77 (1) (298 SE2d 628).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 20, 1983.

*Jacqueline E. Kydd,* for appellant.
*James P. Orr,* for appellee.