## 70434. ANDERSON v. HENDRIX.
### (334 SE2d 697)

DEEN, Presiding Judge.

At some time prior to March 1984 appellee Hendrix brought an action against appellant Anderson, alleging amounts past due on an open account which appellant for several years had maintained with appellee's firm for the purchase of items needed in his farming business. In March 1984 the parties reached a settlement whereby appellee would forgive approximately $7,000 of the amount allegedly owed and would forbear to prosecute the pending suit if in return appellant would pay $2,000 and would execute two promissory notes, one in the principal amount of $14,000 and the other in the principal amount of $9,000, both with interest payable at 15 percent. Each note contained an unconditional promise to pay; on the first note, principal and interest were payable in full "between May 15, 1984 and May 25, 1984," and on the second, principal and interest were due "between August 15 and August 25, 1984." Appellant complied with the above conditions of the settlement, including executing the notes, but never at any time, by his own admission, did he make any payment on either note.

On August 18, 1984, appellee's attorney notified appellant by letter that the notes were in default and had been placed with him for collection. The letter demanded payment of principal and accrued interest within ten days after receipt of the letter, and stated that attorney fees of 15 percent of the balance owing would be added if the

latter were not paid in full within the ten days. No payment was forthcoming, and on September 12 Hendrix filed a complaint, seeking, *inter alia*, attorney fees of 15 percent. Appellant made a timely answer, denying the allegations of the complaint. Appellee subsequently took appellant's deposition, in which the latter averred that the purpose and terms of the notes were different from what appeared on the face of the instruments; i.e., that the agreed-upon interest was 14 percent rather than 15 percent and was simple rather than compound interest; that appellee had agreed not to press appellant for payment or to sue upon the notes; and that the notes did not represent sums actually owed but were arrived at merely as an accommodation to plaintiff/appellee so as to improve his credit posture in the eyes of his bank. Appellee then moved for summary judgment, which the trial court granted after a hearing, awarding principal, interest, court costs, and attorney fees. The court's order made specific reference to appellant's deposition.

On appeal, Anderson enumerates as the first error the court's awarding summary judgment to appellee, contending that the pleadings and deposition showed genuine issues of material fact which ought to be tried and, moreover, that the trial court never actually read or even unsealed the deposition but instead relied only on the portions thereof which were argued during the hearing by counsel for the parties. The second error enumerated is that the trial court erred in awarding appellee attorney fees when they were prayed for only in the complaint and not in the motion for summary judgment itself, and that, furthermore, he had not been given proper notice of the fact that attorney fees were being sought. *Held*:

1. We have examined the entire record, including appellant's deposition. Although appellant alleges in the deposition that the terms and the intended function of the promissory notes were something other than what appellee — and the express language of the notes themselves — indicate them to be, he does not refute appellee's contentions nor does he raise any valid defense to the action. Our scrutiny of the deposition itself reveals that the text thereof adds nothing to the substance of appellant's case. In the absence of a transcript of the hearing, we must presume that the proceedings in the trial court were conducted in a regular manner, and that the trial judge gave adequate and proper consideration to the deposition as it was argued by counsel for the respective parties. *Burgess v. Jones*, 158 Ga. App. 826 (282 SE2d 399) (1981). Moreover, our courts have expressly held that where (as here) the trial court's order granting summary judgment recites that relevant documents have been reviewed, the appellate court will not disturb the judgment even if (as appellant alleges in the instant case) the original deposition remained sealed. *Gen. Motors Corp. v. Walker*, 244 Ga. 191 (259 SE2d 449) (1979); *Smith v.*

*Jones*, 154 Ga. App. 629 (269 SE2d 471) (1980).

2. Our scrutiny of the record reveals the existence of no genuine issue of material fact, despite appellant's contentions to the contrary: such "issues" as he raises are mere phantoms rather than real issues, and it has long been settled in this state that "the shadowy semblance of an issue" is insufficient to defeat a motion for summary judgment. *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 5 (126 SE2d 442) (1962). Examination of the promissory notes shows that they conform to the requirements set forth in OCGA § 11-3-104 (1) and (2) (d). Even if they failed of full compliance with the statute, they would still be enforceable between the maker and the payee — which is the point at issue in the instant case. *Daniels v. Allen*, 118 Ga. App. 722 (165 SE2d 449) (1968). Furthermore, we perceive in the notes none of the ambiguities urged by appellant. No evidence has been offered in corroboration of appellant's assertion, made by parol in his deposition testimony, that the import of the notes is otherwise than as appears on the face of the instruments. When the "plaintiff [has] established a prima facie right to recover on the notes and . . . defendant [has] not established a legally sufficient defense, plaintiff [is] entitled to summary judgment." *Area v. Cagle*, 148 Ga. App. 769, 770 (252 SE2d 655) (1979). " 'The essence of . . . [a motion for summary judgment] is that there is no genuine issue of material fact to be resolved by the trier of the facts, and that the movant is entitled to judgment on the law applicable to the established facts.' " *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178, 179 (129 SE2d 408) (1962). See also OCGA § 9-11-56 (c), (e); *Houser v. Tilden Fin. Corp.*, 166 Ga. App. 710 (305 SE2d 440) (1983); *Fort v. Boone*, 166 Ga. App. 290 (304 SE2d 465) (1983). Finding no genuine issues of material fact, we must conclude that the trial court properly granted appellee's motion for summary judgment.

3. OCGA § 13-1-11 (a) expressly provides that "[o]bligations to pay attorneys' fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectible as a part of such debt if such note . . . is collected by or through an attorney after maturity, subject to the following provisions: (1) If such note . . . provides for attorneys' fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing . . . (3) The holder of the note . . . or his attorney at law shall, after maturity of the obligation, notify the maker, endorser, or party sought to be held on said obligation that the provisions relative to payment of attorneys' fees in addition to the principal and interest shall be enforced" unless the obligor pays within ten days of the date of the notice. This Code section by operation of law constitutes a part of all

contracts incorporated in promissory notes, and all such instruments must be construed in the light of this particular section. See *Booth v. Rosier*, 124 Ga. 154 (52 SE 327) (1905).

Examination of the record in the instant case indicates that all the statutory requirements for claiming attorney fees were met. Appellant's claim that he received no notice that attorney fees were being sought is specious, inasmuch as not only the promissory notes themselves, but also the complaint and the attorney's demand letter, recite the contrary. Equally specious is appellant's contention that attorney fees were not payable because appellee's motion for summary judgment did not expressly pray for them. Under OCGA § 9-11-56 (a), "A party seeking to recover upon a claim . . . may . . . move . . . for summary judgment in his favor upon *all or any part* thereof." (Emphasis supplied.) Appellee's motion does not specify whether he is seeking general or partial summary judgment. It is elementary that the failure to specify that one is asking for only partial relief will give rise to the inference that one seeks a general or plenary judgment in one's favor. We find no merit in appellant's assignments of error.

While "[a]ppellant[']s able attorneys ardently argue" the points here at issue, nevertheless, assiduous scrutiny of the record persuades us that the instant appeal was frivolously undertaken. *Blakely v. Couch*, 129 Ga. App. 625 (200 SE2d 493) (1973). We therefore assess against appellant a penalty of ten percent (10%) of the judgment, pursuant to OCGA § 5-6-6; *Prattes v. Southeast Ceramics*, 132 Ga. App. 584 (208 SE2d 600) (1974).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1985.

*William J. Neville, Jr.*, for appellant.
*Hugh T. Hunter*, for appellee.