### 73146. ALLIANCE AUTO ACCEPTANCE LEASE, INC. v. CHUCK CLANCY FORD, INC.
(355 SE2d 112)

McMurray, Presiding Judge.

Plaintiff is a corporation in the business of commercial leasing of motor vehicles. Defendant is a corporation in the business of selling motor vehicles.

Plaintiff alleges that: It placed an order for the purchase of a Ford Tempo automobile from defendant to be leased by plaintiff to a customer. The total purchase price included, in addition to the factory installed options set forth on the window sticker, certain dealer installed items. Plaintiff paid to defendant the agreed purchase price and leased the vehicle to its customer. Plaintiff assigned the interest in the lease to Dominion Bank. The agreement between plaintiff and Dominion Bank provides that in the event said Bank should discover that any lease contract purchased by it is for any reason inaccurate or misrepresents the true facts of the transaction, then plaintiff upon notification by Dominion Bank is required to repurchase such defective lease at the full value of the time payment price thereof.

Plaintiff was notified by Dominion Bank that upon investigation it had determined that the dealer-installed options, which were set forth in the purchase contract of the subject vehicle, had never been installed. Upon demand, plaintiff was required to repurchase the lease from Dominion Bank. Plaintiff filed this action seeking damages for breach of contract, damage to its reputation, and fraud.

Defendant moved for summary judgment arguing that the parties were in pari delicto, that the conduct of plaintiff created an estoppel in pais that prevents plaintiff from asserting its rights under the written contract, and that one or more of the essential elements of an action for fraud and deceit are missing. Defendant's motion for summary judgment was granted and plaintiff appeals. *Held*:

In support of its motion for summary judgment defendant submitted the deposition of Hudson. This was the only evidence presented in support of or in opposition to defendant's motion. Hudson testified that he is a former employee of defendant who left that employment to become a shareholder, officer and employee of plaintiff. The transaction at issue involved "the first customer that we did for a dealership after we went in business." There was a problem in that the customer owed substantially more on his trade-in vehicle than it was worth. In order to make the deal possible by providing a profit for both the dealer (defendant) and the leasing company (plaintiff), Hudson acting (on behalf of plaintiff) together with a salesman employed by defendant (and with the knowledge of the customer) fabricated the documents which indicated that the dealer installed options had been placed on the new automobile. Hudson instructed

defendant's salesman in regard to filling out the invoices. "Well, I wouldn't say I told him exactly what to put on there, but I instructed him what the total amount of money to come up with in order for us to put the deal together." Both of Hudson's fellow officers with plaintiff knew that the equipment represented by the fabricated invoices (which invoices were presented to Dominion Bank as genuine) had not actually been placed on the automobile.

Plaintiff contends that a genuine issue of material fact is created by its "traverse and denial" of Hudson's deposition testimony. In this regard, plaintiff references it "Response in Opposition to Defendant's Motion for Summary Judgment" and brief in support thereof. Also, there is a verification of the "Response." Nonetheless, however liberally construed the documents considered together lack any probative value because based in part upon "information and belief" (*Gann v. Mills*, 124 Ga. App. 238 (183 SE2d 523)) and because they lack any showing of competence to testify. *Watkins Prods. v. England*, 123 Ga. App. 179, 180 (180 SE2d 265); *Crawford v. McDonald*, 125 Ga. App. 289 (187 SE2d 542).

Plaintiff also contends the trial court erred in refusing to consider certain evidence, described as a signed and notarized statement by Hudson, which plaintiff's counsel tendered at the hearing on the motion for summary judgment. Defense counsel objected on the grounds that he had not been served at least one day prior to the hearing. It was within the discretion of the superior court to exclude this evidence. See OCGA § 9-11-6 (d). *Brown v. Rowe*, 178 Ga. App. 575, 576 (1) (344 SE2d 245).

Contrary to plaintiff's assertion there is no issue of credibility created in the record in the case sub judice. Defendant's undisputed evidence clearly establishes its right to a judgment as a matter of law. See OCGA § 13-8-1; *Adams v. Barrett*, 5 Ga. 404 (4); *McAndrew v. Taylor*, 15 Ga. App. 555, 557 (83 SE 967); *White v. Crew*, 16 Ga. 416 (1); *Rehak v. Mathis*, 239 Ga. 541, 543 (238 SE2d 81). "Since there was no evidence presented by [plaintiff] which would create a genuine issue on any material fact, the trial court did not err in granting [defendant] a summary judgment. OCGA § 9-11-56 (c)." *Houser v. Tilden Fin. Corp.*, 166 Ga. App. 710, 711 (305 SE2d 440).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED MARCH 17, 1987.

*Douglas N. Smith, Orville L. Chapin*, for appellant.
*W. Dan Greer*, for appellee.