## 77826. BLAKE v. HOOKER-BARNES, INC.
### (378 SE2d 716)

BIRDSONG, Judge.

This case comes to us from the grant of summary judgment to co-defendant Hooker-Barnes, Inc. The judgment represented a finding as a matter of law that the other co-defendant, Kenny Banks, although he was a real estate agent of Hooker-Barnes, was not the agent of Hooker-Barnes, Inc., in connection with the acts sued upon by Patsy Blake, and that such acts were never ratified by Hooker-Barnes.

The record discloses that Hooker-Barnes, Inc., built a house in a Lithonia development and on June 24, 1985, sold it to a Mrs. Robinson. However, less than a month later, on July 19, 1985, Mrs. Robinson sold this house to Kenny Banks. Banks, as it happened, was a Hooker-Barnes real estate agent employed by Hooker-Barnes to sell Hooker-Barnes' homes in the subdivision.

On a Sunday in June or July 1985, the appellant Patsy Blake drove through this neighborhood and saw this house and a Hooker-Barnes sign in front of it. She went to the model home and met Kenny Banks, and then brought her father to see the house. The house looked new; appellant is unclear in her deposition testimony about the nature of her discussion with Kenny Banks, but she "took

him . . . $1,700 down . . . to hold the house." This was done by certified check made out to Kenny Banks. The "terms" were that she could lease the house and, if she liked it, could buy it. In August, her father (on her behalf) entered a lease with Kenny Banks and she allegedly paid Kenny Banks a "refundable" $5,000 deposit on the potential purchase of the house. Every month's rent was paid and made out directly to Kenneth Banks. A year later she decided not to buy the house and demanded back her $5,000. Upon that failure, she sued both Kenneth Banks and Hooker-Barnes, Inc.

Her sole contention on appeal is that there remains a genuine dispute as to the alleged agency. *Held*:

1. The appellee's motion for penalty for frivolous appeal is denied.

2. Apparently the only two occurrences upon which the appellant seeks to establish an agency or imputed agency of Hooker-Barnes, Inc. is the fact that when she first saw the house in June or July 1985, it had a Hooker-Barnes sign in front, and that one time she called Hooker-Barnes regarding a plumbing problem and it was taken care of. It is acknowledged, however, that a Homeowners Warranty serviced by Hooker-Barnes was attached to the house when Mrs. Robinson first bought it.

We find no genuine issue of material fact exists in this case.

The plaintiff has brought to our attention on appeal no fact which even hints that Hooker-Barnes had the slightest knowledge that after one of its houses had been sold, a real estate agent employed by them bought it for himself and then leased it to another. There never was any connection between the plaintiff and Hooker-Barnes except that she saw Hooker-Barnes' sign in front of the house on an indeterminate date, spoke with Kenny Banks about the house while he was in the Hooker-Barnes "Information Office," and, at Banks' suggestion, once called Hooker-Barnes about the plumbing. In fact, Kenny Banks was not the agent of Hooker-Barnes in this matter, and none of these suggested facts makes Kenny Banks the agent of Hooker-Barnes. All the plaintiff's protestations that *she thought* he was acting for Hooker-Barnes avail her nothing. If she indeed saw the Hooker-Barnes sign out front when she first saw the house and if she called Hooker-Barnes about the plumbing (under the homeowner's warranty attached to the house) and "they worked on it," neither of these things is an affirmance of an agency when the principal does not have the slightest idea it is being looked to as a principal. Such agency principles as ratification and affirmance become operative only when the alleged principal knows he is being looked to as principal or, at the very least, is aware of an act of the so-called agent which might reflect upon himself as principal, or imply that he is so. There is no such evidence in this case. So clear is this theorem that case authority

is legion. See 1A EGL, Agency, §§ 57-61.

As for the plaintiff's having seen the Hooker-Barnes sign in front of the house immediately before she discussed the house with Kenny Banks in Hooker-Barnes' information office (which is a fact we assume for her sake as respondent), then assuming this was after Kenny Banks had re-bought, for himself, the house Mrs. Robinson had bought from Hooker-Barnes, nothing appears in the record, or has been brought to our attention, that indicates Hooker-Barnes knew its sign was posted on the property. The fact that reposting the sign, if that is what Kenny Banks did, was easy enough to do in a new neighborhood of homes being sold by Hooker-Barnes, does not impute agency as a matter of law, for then it would be too easy for one to accomplish any fraud, and bind any person thereto, by merely pretending to do a thing on his behalf, when such things are usually done by the person.

It is undisputed that Hooker-Barnes had no connection with these dealings by Kenneth Banks. It is not even made clear that Banks pretended it did. The lease signed by the plaintiff describes the "lessor" as Kenneth Banks and nowhere mentions Hooker-Barnes. If she intended to deal so seriously as to pay all her lease payments and $5,000 to Kenneth Banks in contemplation of buying the house, she herself had a duty of ordinary care to discover either from Kenneth Banks, or from public records, that he was the owner of the house and not acting on behalf of anyone else. *Nalley v. Whitaker*, 102 Ga. App. 230 (115 SE2d 790).

That the Hooker-Barnes sign was posted in front of the house at (apparently) a time after Hooker-Barnes had already sold it to another, and also after it had been re-sold to a Hooker-Barnes real estate agent individually, does not persuade us to disregard the rules of agency in the particularities of this case. It is the acts of the principal, not the agent, that control here. Even a true agent's acts will not bind the principal beyond his true authority, unless the principal does something which ratifies or affirms the act, or knows of it and fails to disavow it. See *Vandiver v. McFarland*, 179 Ga. App. 411, 413 (346 SE2d 854). Hooker-Barnes had nothing to do with the acts of Kenneth Banks, and he cannot make Hooker-Barnes liable merely by posting its sign in his yard. We find no error in the grant of summary judgment below.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 14, 1989.

*Nicholas & Weeks, Joe A. Weeks*, for appellant.
*Troutman, Sanders, Lockerman & Ashmore, Rebecca G. McLe-*

*more*, for appellee.