A89A1122. THOMPSON v. GENERAL MOTORS ACCEPTANCE CORPORATION.
(389 SE2d 20)

BIRDSONG, Judge.

The appellant Brenda C. Thompson leased a Chrysler from the appellee General Motors Acceptance Corporation (GMAC) in April 1985, for a term of 48 months at $409.93 per month. In March 1988, Thompson ceased to make lease payments; according to her articulation of events, she voluntarily turned the vehicle over to an agent of GMAC on March 24, 1988, and requested that the lease be "termi-

nated." She contended below and here that this action completely extinguished any obligation on her part and was told so by an agent of GMAC.

By certified mail of the same date (March 24, 1988), GMAC sent Thompson a letter stating it had "taken the [Chrysler] leased to you due to default. The taking of the vehicle is considered an early termination and does not release you from any obligation under the Lease Agreement. The vehicle will be sold and you will be responsible for any deficiency resulting from the sale."

Thompson seeks to avoid the obligation to pay the deficiency judgment by saying she attempted in good faith to renegotiate the lease agreement so that she could continue payments, and although she was unsuccessful at that endeavor, GMAC's employee Hambry told her she could simply return the vehicle and be released of further obligation. *Held*:

1. The appellee GMAC is clearly entitled to judgment as a matter of law. See *Alliance Auto Acceptance Lease v. Chuck Clancy Ford*, 182 Ga. App. 182 (355 SE2d 112). The lease binds Thompson to an agreement to pay an amount certain for a specified time. It clearly provides that in the event of early termination the lessee will promptly pay the balance due upon the contract. The powerful policy considerations obligating the lessee to the lease of a vehicle hardly bear discussing; Thompson had no right to obtain the possession and use of the vehicle by promising payment for a specific period, and then renege at pleasure. She could not pretend to act in good faith by merely "voluntarily" returning the car and placing the blame for her default on GMAC's refusal to reduce her payments.

The contract unequivocally provides for Thompson's continued liability upon default. If, as she claims, an agent forgave her debt, he was acting outside his authority and she knew it, for the agreement made her liable on default. Neither can she maintain that such an unauthorized act by GMAC's employee was ratified by GMAC, for she was notified formally by GMAC, on the same day she returned the car, that she was liable on the contract. If she contends the employee had apparent authority to release her obligation, she is wrong. "Apparent authority" is not predicated on whatever a third party chooses to think an agent has the right to do, or even upon what the agent says he can do, but must be based on acts of the principal which have led the third party to believe reasonably the agent had such authority. See *Vandiver v. McFarland*, 179 Ga. App. 411, 413 (346 SE2d 854).

Thompson has not suggested any fact or any act of the principal which would justify a belief that this employee had authority to defy the plain terms of her lease agreement, forgive her of her debt to GMAC, and wipe out any deficiency for default. Even if she could

suggest a fact which might have so misled her, she could not *reasonably* rely upon it to alter her liability, for there was no consideration for forgiveness of this debt. The return of the car certainly was not any new consideration, for GMAC already owned the car and had the right to repossess it. All of the appellant's arguments are completely without substance, and GMAC was clearly entitled to judgment. *Alliance Auto Acceptance Lease,* supra.

2. Appellant asserts she was grossly overcharged for interest, but she does nothing to persuade us of this, for she gives no factual basis for it and no argument, but only makes the mere assertion. See Rule 15 (c) of the Court of Appeals of Georgia. Thus she raises no such issue on appeal.

As for her claim that the attorney fee award was unauthorized because appellee acted in bad faith, it is clear that it was *appellant* whose bad faith actions in this contract breach justified appellee's claim for attorney fees. See OCGA § 13-1-11.

*Judgment affirmed. Deen, P. J., concurs. Benham, J., concurs in judgment only.*

DECIDED NOVEMBER 30, 1989.

*F. Robert Raley,* for appellant.
*Mullis, Marshall, Lindley & Powell, J. B. Marshall,* for appellee.