Mona BASHIR, Appellant,

v.

Sourena MOAYEDI and Behzad J. Shirazi, Appellees.

No. 92–CV–1111.

District of Columbia Court of Appeals.

Submitted May 19, 1993.

Decided July 12, 1993.

**998**

Mark F. Werblood, Falls Church, VA, for appellant.

Jeremy Flachs, Annandale, VA, for appellees.

Before ROGERS, Chief Judge, and FERREN and SULLIVAN, Associate Judges.

ROGERS, Chief Judge:

Appellant Mona Bashir appeals the grant of summary judgment in favor of appellees, Sourena Moayedi and Behzad J. Shirazi, who sought relief for default on two promissory notes. Because appellant failed to establish either a material issue of disputed fact or a sufficient defense, we affirm.

## I.

The two promissory notes which gave rise to this litigation were given by appellant Bashir to appellees in exchange for 1,000 shares of stock in Shiraz, Inc., a District of Columbia corporation. Pursuant to the terms of their stock purchase agreement, appellant Bashir executed two promissory notes—one in the amount of $43,000 and the other for $32,000. Both notes provided for acceleration of full payment upon default, conditioned upon ten days' written notice. In November 1988, appellant Bashir sold her interest in the company to Daou, Inc. in exchange for its assumption of the two notes. According to appellees' affidavits, they were not aware of this sale and did not consent to the assumption of the notes by Daou, Inc. When appellees received only partial payment for October, November, and December of 1990, they sent a certified letter to appellant Bashir informing her, pursuant to the terms of the notes, that she was in default and that the remaining balance on the two notes would be accelerated if she failed to bring her payments current within ten days. When she failed to respond with payment, appellees brought suit for default against appellant Bashir and Daou, Inc.

In their complaint, appellees sought recovery against appellant Bashir for breach of contract and pursued Daou, Inc. under the theory that appellees were third party beneficiaries of the contract executed between appellant Bashir and Daou, Inc.[1] In her answer, appellant Bashir denied signing the promissory notes and stock purchase agreement appended to appellees' complaint. While she acknowledged receiving the notice of default, she asserted that it was defective because it was not signed. In addition, she asserted that any note balances were the responsibility of Daou, Inc. Appellees thereafter moved for summary judgment, attaching affidavits and a statement of material facts not in dispute, which described the making and executing of the notes as well as appellant Bashir's failure to make timely payments. Appellant Bashir opposed the motion for summary judgment on several grounds.[2] She asserted that appellees' acceptance of payments from Daou, Inc. constituted constructive notice and ratification of the assumption agreement between herself and Daou, Inc. She also contested the validity of the notice of default on the ground that it was only signed by appellee Moayedi, who had allegedly endorsed his note over to appellee Shirazi. In addition, she asserted that the copies of the notes attached to the complaint were invalid because the face value of the notes as they appeared in the exhibit were internally inconsistent. The trial judge granted summary judgment for appellees against appellant Bashir and Daou, Inc. jointly and severally in the amount of $44,741.00.

---

1. It appears from the record that Daou, Inc. became defunct in December of 1989. A default judgment was entered against Daou, Inc. in the instant case on July 10, 1992.

2. She also cross-claimed against Daou, Inc.

## II.

■ Summary judgment is appropriate in an action asserting default on a note where the maker does not deny execution or raise any legitimate defenses going to the validity of the note itself. *See Alger Corp. v. Wesley*, 355 A.2d 794, 797 (D.C. 1976); *see also Guinness Import Co. v. DeStefano*, 25 Mass.App.Ct. 366, 518 N.E.2d 858, 858 (1988); *Anderson v. Hendrix*, 175 Ga.App. 720, 334 S.E.2d 697, 699 (1985); *Hensley v. Jones*, 492 S.W.2d 283, 284 (Tex.Ct.App.1973). Once the holder of the note sets forth a prima facie case, the burden shifts to the note maker to establish some defense in order to avoid liability. *See Calvert Credit Corp. v. Humble*, 249 A.2d 518, 519 (D.C.1969).[3]

■ The trial judge properly found that no genuine issue of fact existed with regard to appellant Bashir's liability on the note.[4] Although in her answer to the complaint appellant Bashir had denied executing the promissory notes, in her sworn deposition, attached to appellees' motion for summary judgment, she admitted that the stock purchase agreement was genuine and that she had authorized her attorney-in-fact to sign the accompanying promissory notes and pledge agreement. She did not contest either that there had been a lapse in payments or that she had received the default notice. Therefore, appellees demonstrated that the conditions warranting acceleration under the terms of the notes had occurred. Because appellees established a prima facie case, the burden shifted to appellant. *See Calvert Credit Corp., supra*, 249 A.2d at 519; D.C.Code § 28:3–307(2) (Repl.1991) ("[w]hen signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant estab-

lishes a defense"). Absent a defense, appellant Bashir was liable for the payments of the notes. *See* D.C.Code § 28:3–413 ("[t]he maker ... engages that he [or she] will pay the instrument according to its tenor at the time of his [or her] engagement").

■ The trial judge also properly concluded that appellant Bashir had failed to present a defense that would demonstrate that appellees were not entitled to judgment.[5] Her claim that appellees' acceptance of payments from Daou, Inc. constituted ratification of the agreement between herself and Daou, Inc. fails for several reasons. As with her other claims, appellant Bashir provided no record reference or affidavit in support of her statement that appellees had accepted payment from Daou, Inc. This alone could prove fatal to her opposition. *See Williams v. Gerstenfeld*, 514 A.2d 1172, 1176 (D.C. 1986); Super.Ct.Civ.R. 12–I(k). Further, the stock transfer agreement expressly provided that performance could be waived only "by mutual agreement in writing," and the pledge agreement required that changes be made in writing, "signed by the party against which enforcement of the change is sought."

■ In addition, even if appellees had accepted payments from Daou, Inc., this was insufficient to establish a valid defense to the default suit. What appears to have occurred in the instant case is a delegation of duties by appellant Bashir to Daou, Inc., and an assumption by Daou, Inc. of appellant Bashir's obligations under the notes executed with appellees. *See* John D. Calamari & Joseph M. Perillo, The Law of Contracts § 18–1, at 632 (2d ed. 1977) (assumption of duties). But, even if appellant

---

**3.** *See also* 6 Ronald A. Anderson, Uniform Commercial Code § 3–307:12, at 164 (3d ed. 1993).

**4.** *See Holland v. Hannan*, 456 A.2d 807, 814 (D.C.1983) (standard of review).

**5.** Appellant Bashir's defenses based on defective notice and internally inconsistent notes merit little comment. Although she stated that appellee Moayedi's signature on the notice rendered it invalid because he had endorsed the notes

over to appellee Shirazi, appellant Bashir adduced no record evidence demonstrating that the endorsement had occurred before the notice was given. Moreover, neither the notes nor the written agreements specified who was required to sign the default notice. Similarly unavailing is appellant Bashir's defense that the notes were internally inconsistent; examination of the notes reveals that the second page of each note merely refers to the value of the companion note.

Bashir's duties under the notes were delegable, and Daou, Inc. assumed her obligations under the notes, the general rule with respect to delegation is that a delegant cannot free herself from liability by delegating her duties of performance to another. *Id.* § 18–24, at 662; *see also* 3 E. ALLAN FARNSWORTH, FARNSWORTH ON CONTRACTS § 11.11, at 136–37 (1990). Were this not the case, "every solvent person could obtain freedom from his debts by delegating them to an insolvent." CALAMARI & PERILLO, *supra,* § 18–24, at 662. Thus, while Daou, Inc.'s assumption of the notes may have rendered it liable to appellant Bashir, that assumption did not discharge appellant Bashir's duty to appellees. In arguing otherwise, appellant Bashir confuses delegation of performance of an obligation with delegation of responsibility for the performance of an obligation. *See Brooks v. Hayes,* 133 Wis.2d 228, 395 N.W.2d 167, 173–74 (1986).[6]

■ Hence, appellant Bashir could avoid liability only by showing that Daou, Inc. performed or that appellees consented to releasing her from the duty to perform. FARNSWORTH, *supra,* § 11.10, at 126. However, on the issue of performance, she never contested appellees' affidavits that only partial payment had been made on the notes from October through December 1990. She also failed to show appellees' consent through novation.[7] *See Hemisphere Nat'l. Bank v. District of Colum-*

*bia, supra* note 7, 412 A.2d at 36–37 (novation requires proof of mutual agreement among the three parties—creditor, original debtor, and third party—that the original debtor is to be released from liability). Appellant Bashir adduced no record evidence in her opposition contesting appellees' affidavits that they were unaware of the transaction between her and Daou, Inc. and did not consent to or ratify her agreement with Daou, Inc. Nor did she otherwise produce anything to demonstrate that appellees had agreed to release her from liability on the notes. *See id.; Brooks, supra,* 395 N.W.2d at 174; *Smith v. Wrehe,* 199 Neb. 753, 261 N.W.2d 620, 625–26 (1978). In the absence of evidence of mutual agreement by appellees to release appellant Bashir from liability, the defense of novation is unavailable to her. *See, e.g., Skandinavia, Inc. v. Cormier,* 128 N.H. 215, 514 A.2d 1250, 1253 (1986); *Frank W. Whitcomb Constr., supra* note 7, 459 A.2d at 987; *Berg, supra* note 7, 428 A.2d at 349.

Accordingly, because appellees have shown that they are entitled to judgment as a matter of law, we affirm the judgment.

---

6. In *Brooks v. Hayes, supra,* 395 N.W.2d at 173–74, the court explained:

> The rule for delegation of the performance of a contractual obligation is that the obligor may delegate a contractual duty without the obligee's consent unless the duty is "personal." The rule for delegation of responsibility is that if the obligor delegates the performance of an obligation, the obligor is not relieved of responsibility for fulfilling that obligation or of liability in the event of a breach.

7. Although appellant Bashir used the word "ratification" rather than "novation" in her opposition to the motion for summary judgment, it is the concept of novation that is relevant to the delegation of duties. *See* CALAMARI AND PERILLO, *supra,* § 18–24, at 662; FARNSWORTH, *supra,* § 11.11, at 140–41.

With respect to novation, the court has stated:

> A novation is generally defined as the discharge of a valid existing contract by the replacement of one debtor for another or the substitution of a new obligation in lieu of an already existing responsibility.... A novation of debtors is effectuated when a creditor agrees or intends to extinguish his claim against the original debtor in exchange for a promise by a third person to assume the existing obligation.

*Hemisphere Nat'l. Bank v. District of Columbia,* 412 A.2d 31, 36 (D.C.1980) (citations omitted). *See Frank W. Whitcomb Constr. v. Cedar Constr. Co.,* 142 Vt. 541, 459 A.2d 985, 987 (1983) (novation never presumed; must produce evidentiary support); *Berg v. Liberty Fed. Sav. & Loan Ass'n.,* 428 A.2d 347, 349 (Del.1981) (same; burden of proof on proponent). In addition, "more is required for a novation than the mere consent of the obligee to performance by the delegate." FARNSWORTH, *supra,* § 11.11, at 140.