A95A2010. BRIDGERS et al. v. LMV LEASING, INC. et al.
(470 SE2d 277)

Judge Harold R. Banke.

Ed P. Bridgers and Doris A. Bridgers ("the Bridgers"), the lessees of a pickup truck, appeal the trial court's grant of summary judgment to the lessor, Hub Motor Company ("Hub") and the lease's various assignees, LMV Leasing, Inc., LSI Financial Group, and Lendco Acceptance Corporation (collectively "LMV Leasing").

Viewed in the light most favorable to the Bridgers, the evidence shows that in August 1991, eight months after executing the lease agreement, they returned the truck because they were dissatisfied with the deal they made. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). When they entered into the lease, they agreed to make 60 monthly payments of $385.99. They owed $19,629.28 when they returned the truck and informed Hub that they did not intend to make any more payments; the record shows they then ceased making payments. When Ed Bridgers returned the truck, he took a document prepared by his lawyer styled "Acknowledgement of Receipt of Vehicle" which purported to release him from liability and Hub's employee signed the document. LMV Leasing subsequently resold the truck for $9,255.

LMV Leasing sued the Bridgers seeking recovery of the $10,602.12 deficiency from the truck's sale, and prejudgment interest and attorney fees provided under the lease. It also sued Hub for breach of contract and negligence for executing the release when the Bridgers returned the truck. In a counterclaim, the Bridgers alleged that LMV Leasing defrauded them with a second lease which changed the terms and conditions of the original lease. The Bridgers also filed a cross-claim against Hub, alleging Hub conspired with LMV Leasing to defraud them. LMV Leasing and Hub both moved

for summary judgment, which the trial court summarily granted, awarding LMV Leasing the principal amount of $10,602.13, interest of $6,520.31, and attorney fees of $1,737.24.

To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp.*, 261 Ga. at 491. *Held*:

1. The trial court properly granted summary judgment on the contract claim. The lease bound the Bridgers to an agreement to pay an amount certain at a specified time and unequivocally provided for continued liability on default. It contemplated early termination only after 12 months, with 30 days written notice, upon payment of certain fees, taxes, and calculated damages. It is undisputed that the Bridgers failed to comply with the lease's early termination provisions. Therefore, their unauthorized return of the vehicle had no legal effect on the lease, and when they failed to make their August payment, they defaulted. See *Thompson v. Gen. Motors Acceptance Corp.*, 193 Ga. App. 740, 741 (1) (389 SE2d 20) (1989). "The powerful policy considerations obligating the lessee to the lease of a vehicle hardly bear discussing; [the Bridgers] had no right to obtain the possession and use of the vehicle by promising payment for a specific period, and then renege at pleasure." Id.

2. Nor did the "Acknowledgement of Receipt of Vehicle" relieve the Bridgers of liability under the lease. Because the lease had been assigned to LMV Leasing and there is no evidence that Hub's employee had authority to sign it on LMV Leasing's behalf, this document is a nullity. See *Blake v. Hooker-Barnes, Inc.*, 190 Ga. App. 308, 309 (2) (378 SE2d 716) (1989). Nothing in the record supports the Bridgers' argument that Hub's employee was cloaked with apparent authority to bind LMV Leasing because they knew the lease had been assigned to LMV Leasing, which owned the car and had the right to repossess it on default. This right rendered the purported release unenforceable. *Thompson*, 193 Ga. App. at 741-742.

3. The record also reveals no basis for the Bridgers' claim of fraud in which they allege that LMV Leasing deceived them with a second lease which changed the terms of their original agreement and defrauded them on the true trade-in value of their car.[1] There is no evidence of a second lease. Moreover, because the Bridgers alleged no fraud which would have prevented them from reading the terms of the purported second lease, they would be bound by its terms in any

---

[1] The record shows that as part of the lease transaction, Hub paid off the remaining $9,405.97 owed on the Bridgers' car.

event. *Delta Chevrolet v. Wells*, 187 Ga. App. 694, 695 (1) (371 SE2d 250) (1988). Further, the fact that the Bridgers accepted and retained the benefits of the lease for eight months, with knowledge of the trade-in value they received on their car, authorizes summary judgment. *Hamilton v. Advance Leasing & Rent-A-Car*, 208 Ga. App. 848, 850 (2) (432 SE2d 559) (1993).

4. We observe that the Bridgers asserted all their arguments in a single enumeration of error. "When, as here, an appellant asserts more than one error within a single enumeration, this court in its discretion may elect to review none, or one or more, of the errors asserted within the single enumeration. [Cits.]" (Punctuation omitted.) *Toledo v. State*, 216 Ga. App. 480, 482 (4) (455 SE2d 595) (1995). Having assured that summary judgment was properly granted, we decline to reach the Bridgers' remaining arguments.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 15, 1996.

*Anne H. Orr, E. Graydon Shuford*, for appellants.

*Kenney & Solomon, Thomas S. Kenney, Levine & Block, Stephen H. Block*, for appellees.