**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 16, 2022**

# In the Court of Appeals of Georgia

A21A1435. IN RE ESTATE OF CURVAN.

RICKMAN, Chief Judge.

Cheryl Martina Curvan, Charmaine Curvan-Lawes, and Randolph Andrew Curvan ("Caveators") appeal the probate court's order granting summary judgment to Sharon Renee Lavant ("Petitioner") and admitting to probate in solemn form the July 31, 2019 Last Will and Testament of Randolph Benedict Curvan (the "Will").[1] Caveators contend that the probate court erred in granting summary judgment because Petitioner submitted contradictory evidence, a genuine issue of material fact remains as to whether the Will was validly executed, and the dispositive scheme is void

---

[1] At the time of his death, Randolph Benedict Curvan was married to but separated from Cheryl Martina Curvan, had two adult children, Charmaine Curvan-Lawes and Randolph Andrew Curvan, and was living with Sharon Renee Lavant.

because Petitioner was a witness to and a beneficiary of the Will. For the reasons that follow, we reverse.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We apply a de novo standard of review and view the evidence in the light most favorable to the nonmovant." (Citation and punctuation omitted.) *State Farm Mut. Automobile Ins. Co. v. Fabrizio*, 344 Ga. App. 264, 264 (809 SE2d 496) (2018).

So viewed, the record shows that in May 2020, Petitioner filed a petition to probate the Will in solemn form. The Will referenced a trust instrument known as The Randolph Benedict Curvan Living Trust (the "Trust") and provided that the executor of the Will "shall be the then-acting [t]rustee or [t]rustees" of the Trust.[2] The Will also provided that, after the payment of estate expenses, the remainder of the estate would be given to the trustee to be added to the principal of the Trust and to be held, administered, and distributed under the terms of the Trust. According to Caveators, Petitioner was the trustee of the Trust, which provided that Petitioner would receive the entire estate of Randolph Benedict Curvan ("Decedent").

---

[2] The Trust is not included in the record on appeal.

2

Caveators filed a caveat to the petition and asserted, inter alia, that the Will was not the valid last will of Decedent, that the signatures on the Will were not Decedent's, and that Petitioner was not fit to serve as executor. Although Caveators stated that a previous will was the true last will of Decedent, no such will was attached to their verified caveat.[3]

In July 2020, Petitioner sought to obtain temporary letters of administration to allow her to collect and preserve Decedent's assets. The probate court instead appointed an independent temporary administrator for the sole purpose of collecting and preserving Decedent's assets until a permanent personal representative was appointed.

Petitioner subsequently filed a motion for summary judgment based on her May 2020 petition to probate the Will. In her motion, Petitioner sought a ruling that the Will was Decedent's last true will and recognition that she was Decedent's spouse. Caveators opposed the motion on all grounds.

After filing her motion for summary judgment, Petitioner filed a petition to probate a different Last Will and Testament of Randolph B. Curvan dated January 5,

---

[3] After the probate court had ruled on the motion for summary judgment, Caveators filed a June 2012 Last Will and Testament of Randolph B. Curvan.

3

2019. The January 2019 will provided that, after the payment of all expenses, the remainder of Decedent's estate would be held in trust for Petitioner for her lifetime, that Petitioner would be the sole trustee of the trust, and that payments would be made to Petitioner at her discretion. In addition, on Petitioner's death, the remainder of Decedent's estate would be distributed to his children, Charmaine Curvan-Lawes and Randolph A. Curvan. In her petition to probate this will, Petitioner acknowledged that another purported will of Decedent was pending in the same court. Caveators also filed a caveat to that petition.

Without addressing the petition to probate the January 2019 will, the probate court granted Petitioner's motion for summary judgment as to the validity of the Will and admitted it as proven in solemn form. The probate court denied Petitioner's motion to the extent she sought recognition as Decedent's spouse. In addition, the court concluded that Petitioner could not serve as executor because of a conflict of interest and appointed the independent temporary administrator as executor of the estate.[4]

---

[4] Caveators do not challenge and Petitioner did not file a cross-appeal challenging the probate court's ruling that denied Petitioner recognition as Decedent's spouse or the ruling that appointed the independent temporary administrator as executor of the estate. Accordingly, we do not address those rulings here.

Caveators contend that the probate court erred in granting summary judgment to Petitioner because she swore that two different wills were the Decedent's last will and testament and that, under the rule set forth in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), Petitioner was not entitled to benefit from her contradictory evidence.

In *Prophecy*, the Supreme Court of Georgia clarified the circumstances under which the testimony of a respondent to a motion for summary judgment would be construed against him or her. Id. at 28-29 (1). But "the general rule of construing contradictory testimony against a summary judgment respondent is inapplicable here because [Petitioner] is the movant." *Fabrizio*, 344 Ga. App. at 266. The rule for construing testimony is separate from the rule allocating the burden of proof on summary judgment, which requires the movant to demonstrate that there are no genuine issues of fact and that he or she is entitled to judgment as a matter of law. *Prophecy Corp.*, 256 Ga. at 28 (1).

"The sole question in a proceeding to probate a will in solemn form is whether the paper propounded is, or is not, the last will and testament of the deceased." (Citation and punctuation omitted.) *Wilbur v. Floyd*, 353 Ga. App. 864, 867 (1) (839 SE2d 675) (2020). Here, Petitioner has propounded two different wills and sworn that

both are the last will and testament of Decedent. By doing so, Petitioner has created a factual question that must be resolved by the factfinder. Accordingly, the trial court erred by granting summary judgment to Petitioner. See *Fabrizio*, 344 Ga. App. at 267.

*Judgment reversed. Senior Appellate Judge Herbert E. Phipps concurs and McFadden, P. J., concurring fully and specially.*

# In the Court of Appeals of Georgia

A21A1435. IN RE ESTATE OF CURVAN.                              McF-###

McFADDEN, Presiding Judge, concurring fully and specially.

I concur fully in all that is written in the majority opinion. But there are two more issues that need to be addressed in order to provide the appropriate guidance to the trial court on remand.

The majority correctly reverses the probate court's summary judgment order holding that the "Will dated July 31, 2019 is established as the Last Will and Testament" and directing that that will "be admitted to record as proven in Solemn

7

Form." And the majority correctly holds that the probate court erred in granting summary judgment to Petitioner because she swore that two different wills were the Decedent's last will and testament, thereby creating a question for the factfinder.

But Caveators challenged that summary judgment order in three enumerations of error, setting out three different arguments. The argument about the Petitioner propounding two different wills was the second of those.

Little needs to be said about the first enumeration, that the bequest to Petitioner fails under OCGA § 53-4-23 (a) because she was both a witness and the sole beneficiary. The trial court did not address it. So we should not do so in the first instance.

But we should also reverse under the third. The probate court also erred in granting summary judgment on the basis that certain allegations in the verified caveat were merely conclusory. It is true that those allegations are merely conclusory. But under our Civil Practice Act, all that is required of pleadings is "[a] short and plain statement of the claims showing that the pleader is entitled to relief[.]" OCGA § 9-11-8 (a) (2) (A). See *Deering v. Keever*, 282 Ga. 161, 162 (646 SE2d 262) (2007) ("[W]hile governance of pleadings in probate courts is set forth in Chapter 11 of Title 53 of the Code, that governance is supplemented by the provisions of the Civil

8

Practice Act."). Parties are entitled to stand on their pleadings until the other side has filed a "properly supported motion for summary judgment which pierces the pleadings. . . ." See *Essien v. CitiMortgage*, 335 Ga. App. 727, 727 (781 SE2d 599) (2016). Here Petitioner did not support her motion for summary judgment with evidence and has not pierced Caveators' allegations. *Gann v. Mills*, 124 Ga. App. 238, 239 (183 SE2d 523) (1971).